# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Research Development Foundation, | |
| Defendant. | |
| And related counterclaims. | |

This is a contract dispute arising out of a royalty agreement between Plaintiff Pacira Pharmaceuticals, Inc. and Research Development Foundation ("RDF"). Pacira sues RDF and RDF counterclaims for declaratory relief regarding whether Pacira owes royalty payments to RDF for certain of Pacira's products under the terms of the agreement. Both Pacira and RDF move to seal portions of and exhibits to Pacira's motion to reopen discovery, RDF's opposition to that motion, and Pacira's reply in support of that motion. After the parties filed their respective motions to seal (ECF Nos. 92, 109, 111), they filed a joint submission providing good cause for sealing certain documents in their motions and withdrawing their confidentiality designations for others. (ECF No. 115). Given the parties' representations in their joint submission and their motions, the Court grants in part and denies in part Pacira's motion to seal (ECF No. 92), denies as moot RDF's motion to seal (ECF No. 109), and grants in part and denies in part Pacira's motion to seal (ECF No. 111).

**I.      Discussion**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than

tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101. That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Here, as a preliminary matter, the Court finds that the good cause standard applies. Pacira's motion to reopen discovery deals with discrete portions of a deposition transcript and an interrogatory response, rather than with the merits of the parties' dispute more broadly. Pacira's motion to seal regarding its motion to reopen discovery meets this standard. (ECF No. 92). Pacira's motion to seal—modified by RDF withdrawing its confidentiality designations (ECF No. 96)—seeks to seal:

- Footnote 6 of Pacira's Motion to Reopen Discovery, Dkt. 91 at 13 n.6; and
- Page 21, Lines 7-20, of Exhibit A-13 to Pacira's Motion to Reopen Discovery, Dkt. 91-13 at 21:7-20

(ECF No. 97 at 2).

Pacira explains that these portions of its motion and exhibit discuss information related to Pacira's manufacturing process. (ECF No. 92 at 2). The Court finds Pacira's explanation to constitute good cause. Because Pacira only seeks to seal a portion of the documents it originally sought to seal after RDF withdrew its confidentiality designations, the Court grants in part and denies in part its motion to seal. (ECF No. 92).

Shortly after the parties filed these documents, they moved to amend the protective order in this case to limit the number of declarations filed and to consolidate their justifications for seeking to file materials under seal.[1] (ECF No. 98). That stipulation proposed that,

---

[1] The Court granted this stipulation while the parties were in the process of briefing the motion to reopen discovery and their related motions to seal. (ECF No. 107). As a result, Pacira's motion

> if the filing proposed to be sealed is a motion or brief or exhibit thereto, the Parties shall, within fourteen days of completion of briefing on the underlying motion, file a joint submission (1) identifying the information to be sealed, accompanied by sufficient justification for sealing each document at issue, or (2) a notice of withdrawal of the designation(s) and consent to unsealing.

(*Id.* at 2).

The Court granted that stipulation. RDF then moved to seal its opposition to Pacira's motion to reopen discovery and the exhibits thereto. (ECF No. 109). Pacira moved to seal portions of its reply and exhibits thereto. (ECF No. 111). The parties then filed their joint submission regarding the sealed filings related to Pacira's motion to reopen discovery. (ECF No. 115).

That joint submission provides the following regarding RDF's motion to seal its opposition (ECF No. 109) and Pacira's motion to seal its reply (ECF No. 111):

- ECF No. 109 – The parties consent to unsealing RDF's opposition to Pacira's motion to reopen discovery and Exhibits 1 through 7 thereto. (ECF Nos. 108 and 108-1 through 108-7).

- ECF No. 110 – The parties consent to unsealing Exhibits B-3, B-4, and B-5 to Pacira's reply in support of its motion to reopen discovery. (ECF Nos. 112, 112-4, 112-5, and 112-6). They request that Exhibit B-2 and the unredacted version of Footnote 3 in that motion remain under seal. (ECF Nos. 112 at 8 n.3, 112-3). The parties explain that Exhibit B-2 is an expert report discussing financial information about Pacira's royalty payments and analyzes documents that both sides designated "Confidential." And Footnote 3 quotes from that report.

The parties attach public versions of the documents they agreed to unseal to their joint submission. (ECF Nos. 115-1 through 115-12).

---

to seal portions of and exhibits to its motion to reopen discovery (ECF No. 92) is not included in the parties' joint submission (ECF No. 115).

The Court finds that the parties have demonstrated good cause to seal Exhibit B-2 and Footnote 3 to Pacira's reply in support of its motion to reopen discovery. The Court thus grants in part and denies in part Pacira's motion to seal. (ECF No. 111). Because they consent to unsealing RDF's opposition to Pacira's motion to reopen discovery and the exhibits to the opposition, the Court denies RDF's motion to seal as moot. (ECF No. 109).

**IT IS THEREFORE ORDERED** that Pacira's motion to seal (ECF No. 92) is **granted in part and denied in part.** It is granted regarding Footnote 6 of Pacira's motion to reopen discovery and Page 21, Lines 7-20 of Exhibit A-13 to Pacira's motion to reopen discovery. It is denied regarding the rest of the documents it references. Pacira shall file the exhibits and portions of its motion to reopen discovery that it no longer seeks to seal on the public docket.

**IT IS FURTHER ORDERED** that RDF's motion to seal (ECF No. 109) is **denied as moot** because the parties agreed to unseal the documents it references.

**IT IS FURTHER ORDERED** that Pacira's motion to seal (ECF No. 111) is **granted in part and denied in part.** It is granted regarding Exhibit B-2 and Footnote 3 in Pacira's reply in support of its motion to reopen discovery. It is denied regarding the rest of the documents it references.

DATED: April 4, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE