**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Research Development Foundation, | |
| Defendant. | |
| And related counterclaims. | |

This is a contract dispute arising out of a royalty agreement between Plaintiff Pacira Pharmaceuticals, Inc. and Research Development Foundation ("RDF"). Pacira sues RDF and RDF counterclaims for declaratory relief regarding whether Pacira owes royalty payments to RDF for certain of Pacira's products under the terms of the agreement. Both Pacira and RDF move to seal portions of and exhibits to their respective summary judgment briefs, responses, and replies. After the parties filed their respective motions to seal, they filed a joint submission providing compelling reasons for sealing certain documents in their motions and withdrawing their confidentiality designations for others. (ECF No. 132). Given the parties' representations in their joint submission and their motions, the Court grants in part and denies in part the parties' motions to seal. (ECF Nos. 101, 103, 118, 121, 124, 126, and 128).

**I.    Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to

motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.  That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Here, as a preliminary matter, the Court finds that the compelling reasons standard applies.  The parties' motions seek to seal documents attached to, and redact portions of, their respective summary judgment briefings.  Because these motions are more than tangentially related to the merits of the case, the compelling reasons standard applies.

Through their joint submission, the parties agree to unseal the below exhibits, which exhibits they have attached to their joint submission.

| Document title | Document ECF No. | Items to be unsealed | Motion to seal ECF No. |
| --- | --- | --- | --- |
| Pacira's sealed motion for summary judgment | 106 | Exhibits A-3, A-6, A-11, and A-12 | 103 |
| RDF's sealed response to Pacira's motion for summary judgment | 123 | Exhibits 1 through 9, 13 through 23, and 25 through 27 | 124 |
| Pacira's sealed reply in support of its motion for summary judgment | 129 | Pacira's reply brief and its Exhibits D-1, D-3, D-4, D-5, and D-6 | 128 |
| RDF's sealed motion for summary judgment | 99 | Exhibits 7, 9, 10, 11, 13, 14, 21, 32, and 33 | 101 |
| Pacira's sealed objections to the evidence offered in | 119 | Pacira's objection brief and its Exhibits D-1, D-3, D-4, and D-5 | 118 |

| | | | |
|---|---|---|---|
| support of RDF's motion for summary judgment | | | |
| Pacira's sealed response to RDF's motion for summary judgment | 122 | Exhibits A-1, A-3, A-5, A-6, A-7, A-10, A-12, A-14, and A-15 | 121 |
| RDF's sealed reply in support of its motion for summary judgment | 130 | Exhibits 50 and 51 | 126 |

The parties request that the remaining exhibits to their briefs either be entirely sealed or redacted and that portions of their briefs referring to those exhibits also be redacted. These exhibits and portions of their briefs include information related to how Pacira manufactures its EXPAREL® product; Pacira's applications to the Food and Drug Administration (FDA) for that product; Pacira's patent portfolio and strategy; compensation information of counsel; and testimony about Pacira's privilege log and attorney-client communications. (ECF No. 132 at 1-8). Having reviewed the parties' joint submission, the Court finds that the parties have demonstrated compelling reasons to seal each of the exhibits and portions of the exhibits they list along with the portions of their briefs that refer to those exhibits. The information the parties seek to seal or redact contains trade secrets, proprietary information, the internal compensation structure of counsel, and attorney-client privileged information. The parties have a strong interest in keeping this type of information private. And given the fact that the parties have agreed to unseal multiple documents and have tailored their redactions to that which is necessary, the public's interest in viewing the sealed documents is lessened. The public can still substantially understand the judicial process without viewing the sealed documents.

However, because the parties' joint submission has modified the relief their motions to seal request, the Court grants those motions in part and denies them in part. Those motions are granted in part to the extent they seek to seal the same information that the parties seek to seal

through their joint submission. They are denied in part as moot because the parties have agreed to unseal certain information and have filed that information on the public docket.

Additionally, Pacira only seeks to seal page 3, lines 11-13 of its motion for summary judgment. (ECF No. 102). However, the currently public version of that motion contains more redactions than the parties' joint submission requests. (*Id.*). And the parties do not attach an updated version of that motion to their joint submission. The Court will thus require Pacira to file an updated public version of its motion for summary judgment (ECF No. 102) on the docket.

Pacira also only seeks to seal page 8, lines 13 and 14 and page 15, lines 24 and 15 of its response to RDF's motion for summary judgment. (ECF No. 120). However, the currently public version of that response contains more redactions than the parties' joint submission requests. (*Id.*). And the parties do not attach an updated version of that motion to their joint submission. The Court will thus require Pacira to file an updated public version of its response to RDF's motion for summary judgment (ECF No. 120) on the docket.

**IT IS THEREFORE ORDERED** that the parties' motions to seal (ECF Nos. 101, 103, 118, 121, 124, 126, and 128) are **granted in part and denied in part.** They are granted in part to the extent they seek to seal the same information that the parties seek to seal through their joint submission. They are denied in part as moot because the parties have agreed to unseal certain information and have filed that information on the public docket.

**IT IS FURTHER ORDERED** that ECF Nos. 99, 106, 119, 122, 123, 129, and 130 shall remain under seal.

**IT IS FURTHER ORDERED** that Pacira shall file an updated public version of its motion for summary judgment (ECF No. 102) and its response to RDF's motion for summary judgment (ECF No. 120) on the docket.

DATED: May 17, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE