# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Research Development Foundation, | |
| Defendant. | |

This is a contract dispute arising out of a royalty agreement between Pacira Pharmaceuticals, Inc. and Research Development Foundation ("RDF"). Pacira sues RDF and RDF counterclaims for declaratory relief regarding whether Pacira owes royalty payments to RDF for certain of Pacira's products under the agreement. Pacira moves to reopen discovery, arguing that after the close of discovery, RDF: (1) submitted errata sheets to its 30(b)(6) witness's deposition that materially changed the deposition; and (2) supplemented an interrogatory response with a new theory that it is entitled to royalty payments for products that use a particular manufacturing process, rather than products that fall under certain patents. (ECF No. 91). Pacira also filed a version of this motion under seal. (ECF No. 93).

After the parties fully briefed the motion to reopen discovery, the parties filed a joint notice regarding the motion, explaining that the 30(b)(6) witness—Mr. Thomas Brorby—whom Pacira sought to re-depose in its motion to reopen discovery, had passed away. (ECF No. 134). As a result, Pacira changed its requested relief to asking the Court to strike the errata sheets, which relief RDF opposes. Because the Court finds that Pacira has demonstrated good cause and excusable neglect, it grants Pacira's motion to reopen discovery (ECF No. 91) and the sealed version of that motion (ECF No. 93). The Court also grants Pacira's updated request to strike Mr. Brorby's errata sheets to his deposition.

I. **Background.**

Pacira moves to reopen discovery for two reasons. (ECF No. 91). First, because after the close of discovery, RDF served two deposition errata sheets for Mr. Brorby—RDF's principal Rule 30(b)(6) witness and a negotiator of the agreement at issue—substantively changing Mr. Brorby's testimony. Mr. Brorby had previously testified that he had no notes to memorialize a meeting regarding the agreement between Pacira and RDF. The errata sheets changed that testimony to add that Mr. Brorby had a single page of handwritten notes from that meeting. Second, also after the close of discovery, RDF served a supplemental response to Pacira's Interrogatory No. 4 which disclosed a new theory why RDF believes it is entitled to ongoing royalty payments from Pacira. Pacira asserts that previously, RDF had asserted that it was entitled to royalty payments based on certain patents. But in its supplement, RDF asserts that it is entitled to royalty payments based on certain trade secrets, including a manufacturing process Pacira employs. Pacira asks the Court to reopen discovery so that it can: (1) re-depose Mr. Brorby regarding his errata changes; and (2) serve a single interrogatory on RDF regarding the new theory and conduct a 3.5-hour Rule 30(b)(6) deposition on that theory.

Since Pacira filed its motion, however, Mr. Brorby has passed away. (ECF No. 134). The parties thus filed a joint notice of this fact and, instead of reopening Mr. Brorby's deposition, Pacira seeks to strike the errata sheets instead. Pacira explains that, because it is now unable to depose Mr. Brorby about his changes, the appropriate remedy is striking the errata sheets.

RDF responds that reopening discovery is unnecessary because Pacira was already aware of Mr. Brorby's handwritten notes from the meeting and because the discovery Pacira seeks to remedy the issue is overbroad. (ECF No. 108). Regarding Pacira's assertion that RDF has raised a new theory, RDF asserts that its theory is not new, but that it has put its theory forth in motions before. RDF also argues that the issue is ripe for summary judgment adjudication and there is no reason to reopen discovery at this stage because that discovery will not change the fact that the issue is ready to be decided.

Regarding striking Mr. Brorby's errata sheets, RDF asserts that it will not rely on the handwritten notes to bolster Mr. Brorby's testimony—mitigating Pacira's concerns—but that it

wishes to keep them so that Pacira cannot attack Mr. Brorby's testimony as being incomplete or untruthful. (ECF No. 134). RDF adds that Pacira could have sought to strike the errata in its original motion to reopen, but did not. RDF asserts that, the reason Pacira would have sought additional testimony in the first place was to mitigate the risk that Mr. Brorby would present new facts at trial not provided in his deposition. But now that Mr. Brorby has passed away, this danger is mitigated and Pacira's request to strike the errata is moot.

Pacira replies that it was not aware of the notes prior to the close of discovery because Mr. Brorby testified that he had no notes from the meeting. (ECF No. 112). Regarding RDF's assertion that its theory is not new, Pacira again points out that RDF previously asserted that its royalty payments were tied to patents, not to a specific manufacturing process as they now assert.

## II.     Discussion.

A request to reopen discovery must be supported by a showing of good cause and excusable neglect. Local Rule 26-3; Fed. R. Civ. P. 6(b)(1)(B). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12, 2015 WL 10059063 (D. Nev. Dec. 15, 2015). The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Id.* Further, when determining whether to reopen discovery, courts should,

> consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of

>the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citation omitted).

Federal Rule of Civil Procedure 30 provides that, "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript of recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1). Although the text of Rule 30(e) provides that changes may be "in form or substance" and indicates that "reasons" must be identified for making those changes, the Rule itself does not address the proper scope of changes allowed and the types of reasons that are sufficient to make changes.

As such, the Court looks to guidance from the Ninth Circuit. The Ninth Circuit has interpreted the scope of this Rule by finding that "while the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217 (9th Cir. 2005). The Ninth Circuit then articulated a standard, indicating that Rule 30(e) changes are "to be used for corrective, and not contradictory, changes." *Id.* at 1226.

Further, this District Court has also addressed this issue previously. The Honorable Magistrate Judge Nancy J. Koppe applied *Hambleton* to find that Rule 30(e) changes (1) must have a legitimate purpose, (2) must not be used as a sham solely to create a material issue of fact to evade summary judgment, and (3) must not be used to alter what was actually said under oath. *Ashcraft v. Welk Resort Group Corp.*, 2017 WL 5180421, at *3 (D. Nev. Nov. 8, 2017). Also, Judge Koppe summarized district court decisions into three groups: (1) Rule 30(e) changes are improper if used in a manner akin to a sham affidavit designed to avoid summary judgment; (2) Rule 30(e) changes are improper if used to alter the substance of deposition testimony in a contradictory manner except when correcting transcription errors; (3) Rule 30(e) changes are

improper if used in either a sham manner or contradicting the testimony actually given. *Id.* Judge Koppe concluded that,

> if a party believes its deponent gave false testimony under oath, it may so explain to the fact-finder during the normal course of litigation…The judge or the jury will then determine whether that testimony is proper and persuasive…A party contending that its deponent gave erroneous testimony is simply prohibited from using Rule 30(e) to accomplish that end, as contradictory changes are not given the imprimatur and benefit of Rule 30(e) certification.

*Id.* (internal citations and quotations omitted).

The Court grants Pacira's motion to reopen discovery. The Court grants Pacira's request to reopen discovery to issue another interrogatory and to conduct a limited, 3.5-hour Rule 30(b)(6) witness deposition on the issue of RDF's new theory. The Court also grants Pacira's request to strike Mr. Brorby's errata sheets.

Pacira has demonstrated good cause and excusable neglect necessary to warrant reopening discovery. Pacira points out that RDF disclosed the errata sheets and the new theory after the close of discovery, meaning that Pacira had no way of addressing these items in the discovery period regardless of its diligence. First, in evaluating excusable neglect, the Court finds that the danger to RDF is limited. The additional discovery that Pacira seeks is limited to an interrogatory and a 3.5-hour deposition. Second, the length of the delay will be short given the limited discovery Pacira seeks to conduct. Third, while reopening discovery could potentially impact the scope of the parties' summary judgment proceedings, in the event that reopening discovery has this effect, the Court notes that there is a public policy favoring deciding cases on their merits. Third and fourth, the Court finds that the reason for the delay was out of Pacira's control and that Pacira is acting in good faith in seeking to reopen discovery.

Regarding the five factors the Court must consider in deciding to reopen discovery, first, trial is not imminent because the parties are still at the summary judgment stage. Second, while RDF opposes the request, the Court notes that third, the prejudice that RDF will face is limited given the limited additional discovery Pacira seeks to conduct. Fourth, the Court has already determined that Pacira was diligent. Fifth, given the limited issues on which Pacira wishes to

conduct discovery, the Court does not foresee the need for even more additional discovery. And sixth, Pacira has already demonstrated that the discovery it seeks to conduct would be relevant to its claims.

Regarding Pacira's request to strike Mr. Brorby's errata sheets, the Court finds that Pacira has the better argument. Although the Court does not find that Mr. Brorby submitted the errata sheets in an attempt to influence summary judgment, the change was nonetheless substantive and contradictory. As Pacira points out, the errata sheets alter what Mr. Brorby actually said under oath rather than correcting transcription errors. And Pacira is no longer able to depose Mr. Brorby about this change given his recent passing. On the other hand, RDF may still explain to the fact finder during the normal course of litigation if it believes Mr. Brorby's testimony was erroneous. RDF is simply prohibited from using Rule 30(e) to accomplish that end. The Court thus grants Pacira's request to strike Mr. Brorby's errata sheets.

**IT IS THEREFORE ORDERED** that Pacira's motion to reopen discovery (ECF No. 91) and its under seal version (ECF No. 93) are **granted.** Discovery is reopened for the limited purpose of Pacira conducting a 3.5-hour 30(b)(6) witness deposition regarding RDF's theory and issuing a single interrogatory regarding that theory. Discovery shall be opened for these purposes until **June 29, 2023**. The Court also strikes Mr. Brorby's errata sheets to his deposition.

DATED: May 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE