UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-DJA |
| Plaintiff | **Order Denying Defendant's Motion for Reconsideration, Plaintiff's Motion for Leave to File a Surreply, and Granting Plaintiff's Motion to Strike Defendant's Jury Demand** |
| v. | |
| Research Development Foundation, | |
| Defendant | [ECF Nos. 158, 164, 173] |

This is a declaratory judgment action involving a long-standing intellectual property assignment-agreement between plaintiff Pacira Pharmaceuticals, Inc. (Pacira) and defendant Research Development Foundation (RDF). Pacira filed a motion for partial summary judgment[1] seeking a declaration stating that it no longer owes royalties to RDF for EXPAREL made after December 24, 2021, and a declaration invalidating the agreements as unconscionable because they require royalty payments after RDF's patents covering EXPAREL have expired. ECF No. 106. I granted Pacira's motion, finding there was no genuine dispute that the agreements with respect to EXPAREL manufactured using the 45L process were unenforceable as interpreted by RDF. Order, ECF No. 152. In that same order, I also denied RDF's motion for judgment on the pleadings and motion for summary judgment. *Id.* RDF now moves for reconsideration of that order. ECF No. 158. Pacira opposes the motion and filed a motion for leave to file a surreply to RDF's reply. ECF No. 164. Pacira also moves to strike the demand for a jury trial in this action. ECF No. 173. Briefing on the pending motions is complete. For the reasons set forth herein, I deny RDF's motion for reconsideration and deny Pacira's motion for leave to file a surreply as moot. I also grant Pacira's motion to strike the demand for a jury trial.

---

[1] RDF also filed a motion for summary judgment. ECF No. 100 (redacted). I denied that motion after finding there to be a genuine dispute of fact over whether Pacira owes royalties on EXPAREL manufactured using the 200L process. My decision denying RDF's motion is not the subject of this order.

I.      **RDF's motion for reconsideration (ECF No. 158) is denied.**

RDF moves for reconsideration of my order granting Pacira's motion for partial summary judgment, arguing that it contains both errors in law and fact. *See generally* ECF No. 158. Pacira opposes reconsideration, arguing that RDF misreads my order and that its motion fails to meet the reconsideration standard. *See generally* ECF No. 160.

Before addressing the merits of the reconsideration motion, I address RDF's reply (ECF No. 163). A party may not raise new legal issues for the first time in its reply brief. *See, e.g., Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (discussing that courts generally decline to consider arguments raised for the first time in a reply brief). In fact, the Ninth Circuit has held that "[i]ssues raised for the first time in a reply brief are waived." *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam). The reasoning for declining to consider such arguments, or finding them waived, is sound: to do otherwise deprives the opposing party the opportunity to respond to them. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (discussing it is improper to raise new arguments in a reply brief because the opposing party is deprived of the opportunity to respond). While RDF's reply does address some of Pacira's opposition to the reconsideration motion, it also includes new arguments not raised in the original motion. This is improper so those arguments were not considered by the court.

The Ninth Circuit recognizes three circumstances in which a district court should grant a motion for reconsideration: "if the district court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). The local rule addressing reconsideration provides that "[a] movant must not repeat arguments already presented" absent new facts or an intervening change of law. *See* LR 59-1(b). In fact, it is long established that "[a] motion for reconsideration is not an avenue to re-litigate the same issues

2

and arguments upon which the court already has ruled," (*Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005)), nor is it intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

RDF fails to comply with 59-1(b) and fails to meet the standard for reconsideration. RDF's motion attempts to re-litigate the partial summary judgment, raising similar, and some of the same arguments, previously advanced and rejected by this court. For example, in both their motion for reconsideration and motion for partial summary judgment, RDF argues "Under *Brulotte*,[2] royalties may run until the latest-running patent covered in the parties' agreement expires" and then proceeds to advance arguments regarding what does and does not constitute "Assigned Proprietary Property." *Compare* ECF No. 158 at 11–12 (citing *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 454 (2015), *with* ECF No. 99 at 34–36 (same). But in their motion for reconsideration, RDF advances a new twist on this old argument, that is that *Brulotte* does not preclude "later-arising" (or "improvement" patents), such as the '838 and '495 patents, as "covered" so it was clear error to "interpret the define contractual term 'Assigned Proprietary Property' as limited to 'RDF-controlled' patents." ECF No. 158 at 7–8. These arguments are based upon existing law that was used in both RDF's motion for summary judgment and motion for reconsideration, there are no changes to this law or new evidence, and RDF has not shown that I committed clear error. Further, I already rejected RDF's summary judgment arguments that there are "triggers" that would allow them to continue deriving revenue from Pacira's (or some other third party's) use or licensing of propriety property. *See generally* Order, ECF No. 152 at 11–12 (discussing RDF's arguments at ECF No. 148 at 11). In sum, RDF's arguments in support of its reconsideration motion are built upon strained interpretation of my order, and again, are another effort to muddle of the terms of 1994 and 2004 Agreements or constitute attempts to re-raise already rejected arguments. Accordingly, RDF's motion is improper so it is denied.[3]

---

[2] *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964).

[3] RDF's motion also requests that the court amend the judgment that was entered following this court's decision on the partial summary judgment motion. ECF No. 158 at 13. To the extent RDF wants the judgment to be amended to reflect it was only partial summary judgment as to Claim II, it seems

3

Because I deny the motion for reconsideration, I also deny Pacira's motion for leave to file a sur-reply as moot.

**II.     Pacira's motion to strike jury demand (ECF No. 173) is granted.**

This is a declaratory relief action between Pacira and RDF, related to royalties Pacira claims it does not owe to RDF, which RDF disputes. *See generally* Compl., ECF No. 1; ECF No. 18. Initially, both Pacira and RDF requested a jury trial. *See* Compl., ECF No. at 1, 14; ECF No. 18 at 12. Pacira now moves to strike the jury demand, arguing that because both parties are seeking equitable relief (as opposed to monetary damages) for the remaining issues before the court,[4] neither party is entitled to a jury trial. *See generally* ECF No. 173. RDF opposes the motion, arguing that while this action "should [] be resolved as a matter of law[], and that additional issues of contract construction are ripe for the Court's determination [], RDF has a constitutional right to a jury trial at least with respect to Pacira's monetary claim." ECF No. 174 at 7.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury *shall* be preserved...." U.S. Const. amend. VII (emphasis added). Where the only relief sought is equitable, however, there is no right to a jury trial. *See, e.g., In re Tech. Licensing Corp.*, 423 F.3d 1286, 1289–90 (Fed. Cir. 2005). The Supreme Court established a two-pronged test to determine whether the right of trial by jury attaches to any given cause of action. *See Tull v. United States*, 481 U.S. 412, 417 (1987). The test directs the court to examine both the nature of the issues involved *and* the nature of the remedy sought. *Id.* at 417–18. Under the first prong, the court compares the statutory action to analogous

---

unnecessary, as my order reflects that I granted Pacira's motion for *partial* summary judgment and denied RDF's motion. Nonetheless, RDF may file a motion to amend setting forth proper points and authorities for the relief requested. The request, as included in this reconsideration motion, is denied.

[4] Neither party disputes that the remaining issue to resolve is whether Pacira's new patents "relate to the Assigned Proprietary Property" under Section 3.8 of the 1994 Agreement between Pacira and RDF, and connected, if the new patents do relate, "whether the Agreements are unenforceable as applied to new patents." *See* ECF No. 173 at 7; ECF No. 174 at 3, 7. "The Agreements" as referenced in this order refers collectively to the 1994 Assignment and the 2004 Agreement.

4

actions at common law that were ordinarily decided in late-18th century English courts of law (*see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)), versus 18th-century English courts of equity. *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1339 (Fed. Cir. 2001). The second prong requires the court to examine whether the suit is legal or equitable in nature. *Id.* The Supreme Court has instructed that process is "not a mechanical one," but also instructs to give the second prong more weight than the first. *Granfinanciera*, 492 U.S. at 42; *see also Tegal*, 257 F.3d at 1341. It is the nature of a particular claim to be tried that is determinative, not the character of the overall action. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 569 (1990).

Whether a claim for declaratory judgment on a patent, as is brought here, which did not exist in 1791, is properly classified as legal or equitable turns on the underlying controversy on which it is founded. *In re Tech. Licensing Corp.*, 423 F.3d at 1289. The Federal Circuit has held that the right to a jury trial arises in situations where a patentee facing a claim or defense of invalidity would otherwise be able to seek damages for infringement from the alleged infringer. *See, e.g., id.* at 1289–91; *Tegal*, 257 F.3d at 1339–41; *see also MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1020 (C.D. Cal. 2008) (finding that no jury trial right existed on the contract claim because the patentee conceded it could not seek damages as the contract had not been breached).

Though RDF tries to obfuscate the two-prong Seventh Amendment analysis here, the application is straightforward. The closest historical analog to the heart of the remaining action here, an enforceability/invalidity claim, is effectively the same no matter the procedural posture in which invalidity is brought: an infringement suit in which invalidity has been pled. *See MedImmune, Inc.*, 535 F. Supp. 2d at 1029. The heart of the second prong thus asks whether the patentee would otherwise be able to seek damages. *Id.; see also In re Tech. Licensing*, 423 F.3d at 1289–91. The answer here is no—RDF is only able to seek equitable relief here, and indeed, *only sought equitable relief*, because it does not *have* a claim for damages. ECF No. 18 at 25–26. Indeed, Pacira did not breach the contract, and continues to this day to make payments in protest. "[W]here the choice is not between pursuing an equitable remedy and a legal remedy, but

between pursuing an equitable remedy and <u>not bringing suit at all</u>, the patentee has no right to decide whether a jury trial can be held on an invalidity claim." *MedImmune, Inc.*, 535 F. Supp. 2d at 1032 (emphasis added).

RDF makes several unavailing arguments to try to avoid this conclusion. First, it argues that it is entitled to a jury trial on "Pacira's monetary claim." ECF No. 174 at 7. But that begs the question: what monetary claim? A review of the complaint shows that Pacira brought two claims, both for declaratory relief. Compl., ECF No. 1 at 11–12 (requesting declaratory judgment that no royalties are owed under the terms of the agreements and declaratory judgment that terms of the agreements are unenforceable). The only remaining issues to resolve following summary judgment are whether Pacira's new patents relate to the Assigned Proprietary Property under Section 3.8 of the 1994 Agreement, and if the new patents do relate, whether the Agreements are unenforceable as applied to new patents. *See* ECF No. 174 at 3, 7. These are also requests for a declaratory judgment; not a claim for breach and/or damages.

RDF pivots and argues that Pacira's declaratory request, if successful, is akin to a "money judgment" as it would entail the return of the over $18 million dollars in payments Pacira has made in protest to RDF since December of 2021. *Id.* at 14. But a monetary award incidental to injunctive relief does not automatically transform an equitable remedy into a legal one. *Terry*, 494 U.S. at 570; *see also Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 661 (6th Cir. 1996) ("A monetary award incidental to or intertwined with injunctive relief may be equitable."). The Supreme Court has noted two exceptions in which monetary relief may be characterized as equitable: (1) where the relief is restitutionary; and (2) where the monetary award is "incidental to or intertwined with injunctive relief." *Terry*, 494 U.S. at 570–71. Here, both exceptions apply.

Finally, RDF tries to argue that in the absence of the Declaratory Judgment Act, Pacira would have had only two options under Nevada law to obtain a judgment on whether it owes royalties under the terms of the Agreements—it could have either: "(1) made payments under protest and then asserted a claim for money had and received; or, alternatively, (2) stopped

payment and defended against a resultant breach of contract claim by RDF." ECF No. 174 at 9. RDF goes on to state that "[b]oth options are legal in nature." *Id.* However, "[t]he Seventh Amendment does not deal in hypotheticals" and "[RDF] may not ground its right to a jury trial on speculation as opposed to a present claim for damages." *See MedImmune, Inc.*, 535 F. Supp. 2d at 1025. As discussed, the relevant inquiry on the *non-*speculative facts here is whether the *patentee*, RDF, could have brought a suit for a legal remedy. The answer is no, and thus RDF has no right to a jury trial in this case. For those reasons, I grant Pacira's motion to strike.

### III.   Conclusion

IT IS HEREBY ORDERED that RDF's motion for reconsideration **[ECF No. 158] is denied.**

IT IS FURTHER ORDERED that Pacira's motion for leave to file a sur-reply **[ECF No. 164] is denied as moot**.

IT IS FURTHER ORDERED that Pacira's motion to strike jury demand **[ECF No. 173] is granted.**

Dated: April 23, 2024

_____
Cristina D. Silva
United States District Judge