UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., <br><br>                    Plaintiff <br><br>    v. <br><br>Research Development Foundation, <br><br>                    Defendant | Case No. 2:21-cv-02241-CDS-DJA <br><br> **Order Denying Research Development Foundation's Motion to Compel and Reopen Discovery** <br><br> [ECF No. 183] |

Plaintiff Pacira Pharmaceuticals, Inc. sues defendant Research Development Foundation ("RDF") in this declaratory-judgment action arising out of a long-standing agreement between the parties. RDF moves to compel Pacira to produce certain documents from another case involving Pacira and a third party. ECF No. 183. RDF also requests to reopen discovery so that it might conduct an additional deposition regarding the documents. *Id.* Because I find that RDF's motion to compel is untimely, I deny the motion to compel and deny RDF's request to reopen discovery as moot.

I.      Background

   A. Procedural background

RDF is a Nevada nonprofit that transfers technology from laboratories to companies by obtaining patents and licensing research discoveries. ECF No. 18 at 13. Pacira is a California pharmaceutical company. Compl., ECF No. 1 at 2; ECF No. 18 at 13. In 1994, RDF assigned Pacira certain intellectual property, giving Pacira the exclusive right to manufacture and sell products employing that property, in exchange for a royalty on some of Pacira's gross revenues. ECF No. 99-1 at 5, 6, 11. The product relevant to this suit is called EXPAREL, an anesthetic that Pacira manufactures using two processes: a 45-liter (45L) process and a 200-liter (200L) process.

Pacira initially produced EXPAREL using the 45L manufacturing process, which relied on RDF's original patented technology, Patent No. 9,585,838. ECF No. 1 at 7–8; ECF No. 18-4 at 2. Under the parties' agreements, Pacira paid RDF royalties on sales of EXPAREL made using the '838 patent. ECF No. 1 at 7. However, in 2013, Pacira began producing EXPAREL on the larger, 200L scale. *Id.* at 8. Pacira claims that it does not rely on RDF's technology to do so and, in 2021, it patented the new process under Patent No. 11,033,495. ECF No. 1 at 8; ECF No. 18-5 at 2.

Pacira believes that it does not owe RDF royalties on sales of EXPAREL produced using the '495 patent. RDF believes that it does. Through this lawsuit, the parties ask me to resolve this dispute, amongst others.

Discovery substantively closed on January 13, 2023. Order, ECF No. 81. On August 8, 2023, I decided the parties' competing motions for summary judgment. Order, ECF No. 152. In doing so, I determined that there remains a genuine dispute of material fact regarding whether the '495 patent is "related to" the '838 patent such that Pacira owes royalties on sales of EXPAREL made with the '495 patent under the parties' agreements. *Id.* at 16–18. I explained that "[a]s the parties did not choose to define 'relate to,' and the degree of relation under any such definition is unclear, summary judgment is not the appropriate stage for me to resolve the parties' differing views about whether the '495 patent [and the '838 patent][1] are related." *Id.* at 18.

B. **RDF's motion to compel and reopen discovery**

RDF moves to compel Pacira to produce certain documents that RDF claims Pacira withheld during discovery. ECF No. 183. RDF also requests to reopen discovery to allow it to conduct a deposition regarding those documents. *Id.* RDF claims to have learned about these documents when its attorneys attended a bench trial in February of 2024 in Pacira's New Jersey case against third party eVenus Pharmaceutical Laboratories (the "*eVenus*" case).[2] *Id.* at 6.

---

[1] Also at issue for trial is whether the '495 patent is related to Patent No. 5,807,572. ECF No. 152 at 16–18. However, only the '838 patent is at issue in RDF's motion to compel and to reopen discovery.
[2] *Pacira Pharms., Inc. v. eVenus Pharms. Labs, Inc.*, Nos. 2:21-cv-19829-MCA-JRA, 2:22-cv-718-MCA-JRA (D.N.J.).

2

The *eVenus* case is a patent infringement case. ECF No. 193 at 12. In it, Pacira asserts that eVenus' generic version of EXPAREL infringes on the '495 patent. *Id.* eVenus' position in that case is that the '495 patent is invalid and unenforceable based on alleged prior art—specifically, the 45L EXPAREL product. *Id.*

RDF claims that an argument Pacira made in *eVenus* is similar to one Pacira makes here. Specifically, that the 200L EXPAREL produced using the '495 patent technology is more stable than, and thus distinct from, the 45L EXPAREL produced using the '838 patent.[3] ECF No. 183 at 6, 13–14. RDF claims that in both this case and in *eVenus*, Pacira relied on data underlying the '495 patent to make this argument. *Id.*

But while sitting in on the *eVenus* bench trial, RDF's attorneys claimed to learn about documents that purportedly contradict the data underlying the '495 patent and tend to show that 200L EXPAREL is *not* more stable than 45L EXPAREL. *Id.* at 15–16. RDF's attorneys learned about these documents from a PowerPoint slide,[4] depicted below, that eVenus' attorneys used to argue that the data underlying the '495 patent on which Pacira relied was just "the tip of the iceberg," and that the complete set of data contradicts the data underlying the '495 patent. *Id.*



---

[3] Pacira argues that comparing the similarities of the two products' stability is not its trial strategy, but RDF's. ECF No. 193 at 16.
[4] Def.'s Ex. 4, ECF No. 186-4.

   RDF asserts that it is entitled to all the documents referenced in this slide, insinuating that Pacira must have produced them in *eVenus*, but failed to produce them in response to certain of RDF's requests for production to which they would have been responsive in this case. *Id.* at 17. RDF agues that it is also entitled to whatever source documents form the basis for the "Los[5] Spreadsheet," "Ardekani[6] Data," and "All Identified 25 °C Storage Data," *eVenus* deposition transcripts related to the differences between the EXPAREL products; *eVenus* expert reports related to the differences between the EXPAREL products; and transcripts and videos of *eVenus* trial testimony regarding differences between the EXPAREL products. *Id.* at 19–20.

   Pacira responds that RDF is simply trying to re-do discovery now that I have decided the topics on which there are disputed issues of material fact. ECF No. 193. Pacira argues that I should deny the motion to compel and to reopen discovery because Pacira has already produced the data underlying the "Los Spreadsheet," the "Ardekani Data," and the "25 °C Storage Data" to RDF in this case, but RDF simply chose not to focus on this data until after summary judgment. ECF No. 193 at 6, 9, 17–19. Pacira adds that I should deny the motion to compel because RDF delayed until after discovery closed, after summary judgment, and only a few months before trial to file its motion, despite following the *eVenus* case closely enough to have known about the documents long before. *Id.* at 19–20. Even if the motion to compel is timely, Pacira argues that the information RDF seeks to compel is irrelevant because it was produced and created in a different case with a different legal theory. *Id.* at 15–17, 19–21. Pacira argues that I should also deny the motion to reopen discovery because RDF has not established good cause or excusable neglect given the fact that it already had the data and chose to do nothing with it until after summary judgment. *Id.* at 21–24.

   In reply, RDF withdraws its request for documents Pacira already produced, but renews its request for the "Los Spreadsheet," "Ardekani Data," and "25 °C Storage Data" as used in the

---

[5] Kathy Los is one of the '495 patent named inventors. ECF No. 183 at 14.
[6] Soroush Ardekani is one of Pacira's scientists. ECF No. 193 at 9.

*eVenus* case, along with the depositions, expert reports, and trial testimony from the case.[7] ECF No. 199 at 5. RDF refutes Pacira's arguments that it delayed in bringing its motion, arguing that it began trying to obtain the documents from Pacira soon after learning of them in the *eVenus* case. *Id.* at 10. RDF also argues that just because Pacira thinks the documents are irrelevant to its theory of the case, it does not mean that the documents are irrelevant to RDF's theory. *Id.* at 7–10.

Pacira filed a sur-reply after seeking leave. ECF No. 202-1. Pacira builds upon its arguments that the documents are irrelevant to this case and that RDF already abandoned its attempts to seek more complete responses to its discovery requests. *Id.* at 6–7. Pacira also addresses RDF's arguments that Pacira has acted in bad faith. *Id.* at 8–10.

II. Discussion

I find that RDF's motion to compel is untimely and deny it on that ground. As a result, I do not reach the parties' relevance arguments. I also do not address RDF's arguments regarding its motion to reopen discovery because, without the documents RDF seeks, its request for an additional deposition to address those documents is moot.

A. RDF's motion to compel is untimely

"Untimeliness is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (quoting *Williams v. Las Vegas Metro. Police Dep't.*, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015)). "Indeed, courts 'will often deny Rule 37(a) motions because the moving party delayed too long.'" *V5 Tech. v. Switch, Ltd.*, 332 F.R.D. 356, 360 (D. Nev. 2019) (citing 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE, § 2285 (3d ed. Supp. 2019) (collecting cases)). "Discovery motions filed after the dispositive motion deadline are presumptively untimely and

---

[7] In reply, RDF broadens its request to seek all expert reports, all "relevant" deposition testimony and trial testimony, and all stability data relied upon by Pacira's experts. ECF No. 199 at 5. Pacira filed a sur-reply to address this broadened request. ECF No. 202. However, as explained more fully below, I decide this case on timeliness. So, I do not opine further on RDF's changing requests.

5

such late-filed motions will be denied on that basis alone absent a showing of unusual circumstances." *Id.* at 361 n.3.

Courts have developed two guideposts regarding timeliness of motions to compel: (1) courts generally consider motions to compel filed during the discovery period to be untimely; (2) courts generally consider motions to compel filed after the deadline for dispositive motions to be untimely absent unusual circumstances. *Id.* at 360 (citing *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). While guideposts are helpful, they are not bright-line rules; the timeliness of a motion to compel is determined based on "the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005). Such factors relied upon in this District to determine the timeliness of a motion to compel include: (1) the length of time since expiration of the discovery deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom late discovery is sought; and (8) disruption of the Court's schedule. *V5 Tech.*, 332 F.R.D. at 360–61 (collecting cases).

Here, RDF unduly delayed moving to compel discovery, so I deny RDF's motion to compel on this ground. RDF's motion is presumptively untimely because it filed its motion well after the March 6, 2023 deadline for dispositive motions. ECF No. 90. RDF does not rebut this presumption. Even though RDF asserts that the circumstances of this case and its discovery of the *eVenus* documents justifies the delay, when applying the factors that other judges in this district have, I disagree.

### 1. *The length of time since discovery closed.*

For the purposes of RDF's requests for production, discovery closed on January 13, 2023—one year and seven months ago. Order, ECF No. 81. This is far longer than the delays in the cases to which RDF cites. *See e.g., Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1246 (D. Nev.

2020) (discussing a motion to compel filed ten days after the close of discovery); *see Gault*, 184 F.R.D. at 622–23 (discussing a motion to compel filed seventy-six days after the close of discovery); *see V5 Tech*, 332 F.R.D. at 364 (discussing a motion to compel filed five months *before* the close of discovery).[8] This weighs against finding RDF's motion to be timely.

### 2. The length of time RDF knew about the discovery.

RDF had the data which it claims it "discovered" in the *eVenus* trial all along. While RDF may have discovered that Pacira produced it in a different form in *eVenus* and that *eVenus* compiled and used it in a different way in that case, that is not the same as discovering the data itself. Instead, what RDF discovered is that eVenus had found a way to use the data RDF already had in a way that supported RDF's position. The fact RDF discovered this so late in this case is not attributable to any wrongdoing by Pacira, but to RDF's own choice to focus on other case strategies than the one it now seeks to support. This factor weighs against finding RDF's motion to be timely.

### 3. Whether the parties have extended the discovery deadline.

The parties extended the discovery deadline three times before it closed. See e.g., Order, ECF No. 86 (granting the parties third request to extend discovery deadlines). Three extensions are not significant or unusual in a case of this complexity. This is a neutral factor in my decision.

### 4. RDF's explanation for its tardiness or delay.

Instead of explaining its tardiness, RDF blames Pacira for acting in bad faith during discovery and in the course of this dispute. But Pacira has demonstrated that behaved reasonably during discovery. It responded to each of RDF's requests for production, met and conferred with Pacira about the extent of its responses, and RDF ultimately decided not to compel further responses. Pacira has also demonstrated that it produced the data underlying the documents in

---

[8] RDF also cites to *Williams v. Las Vegas Metropolitan Police Department*. ECF No. 183 at 18 (citing *Williams*, 2015 WL 3489553). But in *Williams*, the court declined to rule on the motion to compel in part because the parties did not provide sufficient argument for the court to apply the non-exhaustive factors. *Williams*, 2015 WL 3489553, at *1–2.

the *eVenus* case, so RDF had the same opportunity to make the arguments that *eVenus* did. Pacira also pointed out that it produced Los, Ardekani, and multiple other witnesses who could have opined about the similarities between 45L EXPAREL and 200L EXPAREL and the '495 and '838 patents. But RDF did not engage in that line of questioning.

RDF's arguments that Pacira has acted in bad faith in the course of the instant dispute are also unconvincing. RDF accuses Pacira of "intentionally conceal[ing]…that snippets of the requested data were spread out among the 900,000 documents produced to RDF (but not in the summary form produced to eVenus)." ECF No. 199 at 5. RDF points to one of Pacira's letters, in which its counsel states that "Pacira does not have an obligation to search its production for RDF," as proof of this intentional concealment. *Id.* at 11. But Pacira is not required to create work product for RDF by summarizing data for it. Nor is Pacira required to search documents it already produced for data that would support RDF's case strategy. RDF's arguments that it would not have known that the data Pacira produced to it was relevant to its case strategy until *eVenus* used it to support its own, similar case strategy are also unpersuasive. *Id.* at 11–12. RDF is responsible for coming up with its own case strategy. And Pacira was under no obligation to let RDF know that some third party came up with a strategy that could potentially benefit RDF.

The real reason for RDF's tardiness appears to be that it did not develop its theory based on the similarities of the 45L EXPAREL and 200L EXPAREL products sooner. But again, it is RDF's responsibility to come up with its own theories. Not *eVenus*'. And not Pacira's. This factor weighs against finding RDF's motion to be timely.

### 5. *Whether dispositive motions have been scheduled or filed.*

The parties have already filed dispositive motions in this case. I have already decided them. This factor weighs heavily against finding RDF's motion to be timely.

### 6. *The age of the case.*

This case is nearly three years old. And it is scheduled for trial in a month. This factor weighs against finding RDF's motion to be timely.

### 7. Prejudice to Pacira.

Pacira would be prejudiced if I were to grant RDF's motion to compel. Not only would doing so require Pacira to produce information that it has already produced (just in a form compiled for another case and tailored to RDF's theory in this one) but it would also mean that Pacira would be forced to wait even longer for a conclusion, all while spending money on attorneys' fees and royalties it believes it does not have to pay. This factor weighs against finding RDF's motion to be timely.

### 8. Disruption of the court's schedule.

This matter is already scheduled for trial in a month. I have already been preparing for this trial date and so have the parties. Moving that trial would force me, and the parties, to re-trace our steps to prepare once again when trial becomes imminent for the second time. This factor weighs against finding RDF's motion to be timely.

RDF has not overcome the presumption that its motion to compel is untimely. Taken together, the factors I have considered also weigh against the conclusion that RDF's motion to compel is timely. So, I deny RDF's motion to compel on timeliness grounds. And I deny its request to reopen discovery as moot.

### III.   Conclusion

For these reasons, IT IS THEREFORE ORDERED that RDF's motion to compel and to reopen discovery **[ECF No. 183]** is DENIED.

Dated: August 9, 2024

_____
Cristina D. Silva
United States District Judge