UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-NJK |
| Plaintiff | **Order Resolving the Parties' Omnibus Motions in Limine** |
| v. | |
| Research Development Foundation, | [ECF No. 227, 236, 248] |
| Defendant | |

Plaintiff Pacira Pharmaceuticals, Inc. sues defendant Research Development Foundation ("RDF") in this declaratory-judgment action arising out of a long-standing assignment agreement between the parties. RDF filed an omnibus motion in limine. RDF Mot., ECF No. 227. Pacira opposes the motion. Opp'n, ECF No. 265 (sealed). Pacira also filed an omnibus motion in limine. Pacira Mot., ECF No. 236 (sealed); ECF No. 248 (unsealed). RDF filed an opposition. ECF No. 267 (sealed); ECF No. 269 (unsealed). I address each motion in turn[1]. For the reasons set forth herein, I deny RDF's motions in limine, and grant in part and deny in part Pacira's motions in limine.

I.    **Legal standard**

Motions in limine are a well-recognized judicial practice authorized under case law. *See Ohler v. United States*, 529 U.S. 753, 758 (2000). The court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Trial courts have broad discretion when ruling on such motions. *See Sweeney v. Chang*, 2019 WL 1431583, at *2 (C.D. Cal. Mar. 26, 2019) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 664, 664 (7th Cir. 2002)). Regardless of the court's initial decision on a motion in

---

[1] For ease of reference, I refer to the public redacted versions (ECF No. 248; ECF No. 269) throughout this order. Pacira has not yet filed a public version of its opposition at ECF No. 265.

limine, any issues can be revised during trial. *See* Fed. R. Evid. 103, Advisory Committee's Note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41–42); *accord Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1338 (Fed. Cir. 2007) ("[I]n limine rulings are preliminary in character.").

## II.   Discussion

As background, the parties do not dispute "whether Pacira's new patents 'relate to the Assigned Proprietary Property' under Section 3.8 of the 1994 Agreement [], and connected, if the new patents do relate, 'whether the [1994 Assignment and the 2004 Agreement] are unenforceable as applied to the new patents" is an issue to decide at trial. Pacira Resp., ECF No. 265 (citing ECF No. 178 at 4 n.4);, ECF No. 227 at 5 (citing Summ. J. Order, ECF No. 152 at 17–18). Pacira also asserts that its claim for declaratory judgment of unenforceability, specifically identifying unenforceability on the grounds of unconscionability and public policy, together with RDF's competing request for declaratory relief on the same, is also a live issue for trial. ECF No. 265 at 10. I agree. With that in mind, the court resolves the motions in limine (MIL) as follows.

### A.   RDF's motions in limine (ECF No. 227) are denied.

RDF moves to exclude "evidence, questioning, or argument regarding:

1. The existence and extent of any contributions by RDF to Proprietary Property or Assigned Proprietary Property following the parties' execution of the 1994 Assignment Agreement; and

2.  The magnitude of time, manpower, and/or money spent to create the 200L process.

3.  The amount of any future payments or royalties from Pacira to RDF under the parties' Agreements or under any particular interpretation or construction thereof.

4.  The effects of any future patent or patent application on any Pacira payment obligation under the Agreements, or that hypothetical future payments might make those obligations 'perpetual' or otherwise extend those obligations 'for an infinite amount of time.'"

ECF No. 227 at 5.

RDF argues that the only remaining issue of fact for trial is whether RDF has proven, by a preponderance of the evidence, that the '495 Patent or other New Patent 'relates to' 'Assigned Propriety Property' under Section 3.8 of the 1994 Agreement[,]" making the aforementioned arguments irrelevant because "the plain language of Section 3.8 of the 1994 Assignment incorporates later-arising patent rights as included in the Assigned Proprietary Property if DepoTech, n/k/a Pacira 'obtains' those rights." *Id.* at 5–6.

Pacira opposes RDF's omnibus motions in limine, arguing in sum that the motions are improper, repackaged attempts to unravel the court's decisions in its summary judgment and reconsideration orders, and further argues that RDF's motion is contrary to its own positions in the pretrial order.[2] ECF No. 265 at 12. Pacira also argues that RDF now contends that procedural unconscionability is no longer a live issue for trial. *Id.* at 5. In its reply, RDF refutes this last argument by Pacira, asserting that it neither does nor did it ever, contend that procedural unconscionability was no longer a live issue for trial. ECF No. 278-1 at 4.

_____

[2] In the pretrial order, RDF identified "[w]hether any payment-related terms or provisions of the parties' Agreements are unconscionable, against public policy, or otherwise void or unenforceable," as a contested issue of law. ECF No. 170 at 17.

But the way RDF wrote its omnibus motion makes clear this was RDF's position. ECF No. 227 at 5 ("Pacira represented to the Court that: "The only remaining contested issue of fact for trial is: Whether RDF has proved, by a preponderance of the evidence, that the '495 Patent or other New Patent 'relates to' 'Assigned Proprietary Property' under Section 3.8 of the 1994 Agreement."); *id.* at 7 ("*the Court has ordered that the remaining issue for trial is "to resolve the differing views about whether the '495 patent and the '572 (or '838) patents are related*" (quoting Summ. J. Order, ECF No. 152 at 17–18)) (emphasis in original); *id.* at 5–6 ("The remaining issue for trial has nothing to do with the cost, time, or effort required to create the 200L EXPAREL manufacturing process," and "[t]he remaining issue for trial likewise has nothing to do with how much money has been paid in royalties by Pacira thus far" and "the remaining issue for trial has nothing to do with how long the contract lasts before it expires.").

RDF's MIL Nos. 1–4 are denied. The issues remaining for trial[3] include the question of whether the '495 patent is related to the '838 patent and unconscionability (asserted by both parties[4]), thus evidence related to these two subjects is relevant. Evidence related to RDF's position regarding its entitlements under its contract with Pacira is also relevant. Further, the cost, time, or effort required to create the 200L EXPAREL manufacturing process is also relevant to the extent that that evidence addresses whether the patents at issue are related.

RDF's MIL Nos. 5–7 are also denied. Potential bias of a witness is always relevant. *See United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000) (Bias is "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party.") (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984)); *see also Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 625–26

---

[3] It seems unnecessary to clarify what remains for trial but based on the briefing, the court nonetheless explains the following in an abundance of caution. The "related to" issue remains live for trial, but it is not the only issue as summary judgment did not resolve all the requests for relief set forth in the complaint and the answer. Thus, a trial is necessary to resolve those issues—including unconscionability—unless the parties settle or abandon them.

[4] In its answer, RDF seeks a declaration that "Agreements and the terms therein are valid, enforceable, and not unconscionable or in violation of public policy." Answer, ECF No. 18 at 27.

(N.D. Ill. 2016) (allowing discovery of potential incentive plans or bonuses as relevant to bias). "In certain situations, . . . external facts from which may be inferred a specific bias, or motive to testify in a particular way, are admissible to impeach a witness — e.g., facts which show a familial, employment, or litigious relationship. Since the range of facts from which bias may be inferred is vast, hard and fast rules permitting or excluding specific types of impeachment evidence might be unwise." *McGinley v. Luv N' Care, Ltd.*, 2023 U.S. Dist. LEXIS 174246, at *5 (W.D. La. Sep. 28, 2023) (citing *United States v. Robinson*, 530 F.2d 1076, 1079–80 (D.C. Cir. 1976)); *see also John Hopkins Univ. v. CellPro, Inc.*, 978 F. Supp. 184, 196 (D. Del. 1997) (McKelvie, J.) (considering the "motivations" of the company as demonstrated by the "words, conduct, and testimony of its founders"). It would be unwise to exclude evidence of potential bias at this time, so I decline to do so. For example, questions regarding how much Pacira has paid in royalties may be relevant to a witness's motivation to testify a certain way, and therefore relevant. To the extent that RDF feels questions regarding the amount of legal fees RDF has paid to the law firm of Brorby, Crozier & Dobie, P.C., or fees paid to specific attorneys, are improper or infringes on the attorney-client privilege,[5] they should lodge an appropriate objection during the trial. Regardless, as it relates to bias evidence, the court will utilize its discretion to ensure that evidence of any bias does not turn into a side-show or mini trial.

**B.   Pacira's omnibus motions in limine (ECF No. 248).**

> **1.   *Motion to exclude evidence and argument already decided at summary judgment (MIL No. 1) is granted in part.***

Issues that have already been decided by the court have no probative value at trial, so evidence and argument related thereto would be a waste of time. *See Galen v. Ave. of the Stars Assocs., LLC*, 2011 WL 837785, at *2 (C.D. Cal. Mar. 1, 2011) (granting motion in limine to exclude testimony already ruled on at summary judgment); *Bob Barker Co. v. Ferguson Safety Prods., Inc.*, 2007

---

[5] *Weil v. Inv./Indicators, Rsch. & Mgmt. Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (the attorney-client privilege is strictly construed).

WL 4554012, at *1 (N.D. Cal. Dec. 4, 2007) (granting motion in limine "to disregard evidence probative of breach as it relates to issues already decided on summary judgment"). The court has already explicitly determined "[t]he phrase "and/or" and specific inventoried categories ("(a) and "(b)") in § 1.4 of the 2004 amendment work to create two distinguishable categories of proprietary property: (a) the assigned proprietary property from the 1994 agreement, and (b) Pacira's existing or future IP in DepoFoam Technology." Summ. J. Order, ECF No. 152 at 15–16. I further determined that "§ 3.8 specifies that the later patent must 'relate to the Assigned Proprietary Property,' not that it must relate to the same field of technology as the Assigned Proprietary Property." *Id.* at 16.

In its opposition, RDF states that it "does not intend to assert at trial that a new patent becomes covered under the Agreements through Article 1.4 of the 2004 Amendment unless the Court revisits its interlocutory Order or Pacira offers evidence or argument regarding that provision." RDF's Opp'n, ECF No. 269 at 9. RDF further states it does not intend to assert at trial that "relate to the Assigned Proprietary Property" means "relate to the same field of technology as the Assigned Proprietary Property." *Id.* at 10–11.

Accordingly, this motion is granted in part to the extent that it excludes argument or evidence that runs afoul of the order resolving the parties' summary judgment motions (ECF No. 152). However, the parties are permitted to present evidence addressing whether the patents at issue here are "related" and therefore whether any of those patents qualify as "Assigned Proprietary Property." Accordingly, Pacira's MIL No. 1 is granted in part, as set forth in this order.

2. *Motion to exclude extrinsic evidence regarding the meaning of § 3.8 of the 1994 agreement and any other provision of the agreements (MIL No. 2) is granted in part.*

First, no witness will be permitted to testify regarding the negotiation or drafting of § 3.8 of the 1994 Agreement, as that would be irrelevant and improper extrinsic evidence related to

the contract.[6] *See Fannie Mae v. Westland Liberty Vill.*, 515 P.3d 329, 334 (Nev. 2022) (citing *Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 603 (2005) (Supreme Court of Nevada holding that unambiguous contracts are interpreted according to the plain language of their written terms.). The court has already determined that the contract is unambiguous,[7] so the question of fact left for the court to decide is what qualifies as "Assigned Proprietary Property."

Second, as stated above, the court has already rejected RDF's attempt to expand Section 3.8 by adding in "field of technology" to the Agreement, so any evidence or argument on this subject is precluded. As RDF contends it will not be making this argument at trial (ECF No. 269 at 10–11), this should not be an issue. Indeed, as argued by RDF, the summary judgment order does not preclude the use of a comparison of the technology in two patents to the fact-based "related to" inquiry. *Id.* at 9.

However, the parties are permitted to present evidence addressing whether the patents at issue here are "related" (a question of fact) and therefore whether any of the patents at-issue qualify as "Assigned Proprietary Property." This is not an invitation to revisit already rejected theories or arguments,[8] but rather an opportunity to address the narrow, specific questions before the court. As such, the parties are not precluded from presenting evidence of trade usage as they present their evidence in support of their respective "related-to" and "not related-to" positions. *See Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366–67 (Nev. 2013) (courts in Nevada may account for trade usage and industry custom when interpreting a contract, whether or not

---

[6] RDF argues that extrinsic evidence is relevant towards answering the factual questions underlying the issue of conscionability but does not cite a single case in support of this argument.

[7] RDF contends the court did not find § 3.8 was unambiguous. ECF No. 269 at 16–18. I disagree. The summary judgment order states "**I find no ambiguity in either of the agreements** and note that "ambiguity does not arise simply because the parties disagree on how to interpret their contract." ECF No. 152 at 8, n.4 (citing *Galardi*, 301 P.3d at 366–67) (emphasis added). Further, I specifically addressed the specific terms of the contract and addressed that RDF's arguments improperly attempted to "broaden the scope of § 3.8's inquiry by importing phrases ('same field of technology') that do not exist in the contract language." *Id.* at 17. Although the court must decide what "relate to" means in this case, that does not render the contract ambiguous.

[8] The court cautions that any attempt to introduce evidence or argue that the patents are from the same field of technology by using some other phrase will be rejected. The evidence presented at trial should answer the "related-to" question—nothing broader.

1 the contract's language is ambiguous.). And, "[t]he existence and scope of a usage of trade are to

2 be determined as questions of fact." *Id.* at 367 (quoting Restatement (Second) of Contracts §

3 222(2) (1981)). Pacira's MIL No. 2 is granted in part, as set forth in this order.

4           *3.  Motion to exclude any testimony from Mr. Crozier about the negotiation*

5               *of the Agreements (MIL No. 3) is denied.*

6        Pacira seeks to exclude testimony from Brian Crozier regarding the negotiations and

7 drafting of "the Agreements," arguing he lacks any personal knowledge of the negotiations that

8 led to the final version of them. ECF No. 248 at 32. RDF responds that Crozier "corresponded

9 with attorneys representing Pacira regarding revisions to the Agreements; implemented the

10 revisions proposed by Pacira; proposed his own revisions; was copied on significant

11 correspondence between the parties; and drafted key memoranda that led to the 2004

12 Amendment" so he is qualified to testify regarding the subject matter. ECF No. 269 at 23–24.

13 RDF further argues that it does not intend to elicit testimony from Mr. Crozier at trial that

14 violates any evidence rule (including Rules 602, 701, 802, or 1002) or that divulges attorney-

15 client communications. *Id.* at 24.

16        At this time, because the final version of the Agreements is what controls, it is unclear to

17 the Court why Crozier's testimony regarding the negotiations or drafting of the Agreements

18 would be relevant unless it is somehow tied to trade usage testimony, or if the testimony would

19 constitute inadmissible hearsay. Should RDF seek to call Crozier at trial, the court requires RDF

20 to proffer the scope of his testimony beforehand. So Pacira's MIL No. 3 is denied without

21 prejudice.

22

23

24

25

26

          *4.  Motion to exclude evidence and argument that RDF gave Pacira anything*
             *other than the patents listed in Exhibit 1 to the 1994 Agreement and that*
             *RDF funded Dr. Sinil Kim's MVLs research (MIL No. 4) is denied.*

Pacira argues that I should exclude "evidence or argument regarding RDF's purported transfers of technology beyond Exhibit 1 to the 1994 Agreement" as irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 402, and 403. ECF No. 248 at 40. It argues that Pacira has repeatedly propounded discovery requests regarding the technology that RDF believes it transferred to Pacira and that the Agreements allegedly cover and in response, RDF only identified the patent and applications listed in Exhibit 1 to the 1994 Agreement. *Id.* at 40–50. It argues that any attempt by RDF to identify any other technology it allegedly transferred that was not disclosed during discovery should be excluded. *Id.*

RDF responds in opposition that Pacira is not entitled to a blanket pretrial exclusionary order barring RDF from demonstrating the contributions RDF and its affiliates made to Pacira over time. ECF No. 269 at 33. RDF further states that it has no intention to produce evidence, nor will any evidence show that it or its affiliates "gave Pacira anything" beyond what RDF described and discussed during discovery. *Id.*

Currently, it is unclear to the Court what Pacira interprets as "evidence or argument regarding RDF's purported transfers of technology beyond Exhibit 1 to the 1994 Agreement." Thus this request to exclude is overbroad. To the extent Pacira feels an objection should be lodged during the trial, to include objections related to undisclosed discovery, it may do so. Further, because RDF concedes it has no intention to produce evidence nor will any evidence show that it or its affiliates "gave Pacira anything" beyond what RDF described and discussed during discovery, Pacira's request is seemingly moot. It is likely unclear why RDF purported funding the research of Dr. Sinil Kim would be relevant, or if RDF intends to introduce this evidence at trial. As a result, I deny MIL No. 4 without prejudice.

5.  *Motion to exclude evidence or argument of any comparisons between the 45L and 200L EXPAREL® products (MIL No. 5) is denied.*

Pacira moves to preclude RDF from eliciting testimony regarding a comparison of the 45L and 200L EXPAREL® products, or a comparison of those products to Pacira's patents, to argue that such a comparison bears on the question of whether the New Patents are "related to" the Assigned Proprietary Property transferred in the 1994 Agreement. ECF No. 248 at 50. Pacira argues these anticipated arguments are irrelevant, and that any comparison would be unfairly prejudicial, confusing, and a waste of time. *Id.* Pacira contends that permitting RDF to present this sort of evidence or argument is akin to permitting them to impermissibly expand § 3.8. *Id.*

RDF opposes the motion, advancing a number of arguments, including: (1) that Pacira "asks the Court to bar RDF from making the very comparison that the '495 Patent makes to distinguish itself from the '838 Patent"; (2) that Pacira is "peddl[ing] its new 'products don't matter' argument, simply hoping the Court will ignore that it flies in the face of all of its prior efforts to distinguish its New Patents from the '838 Patent based on the allegedly different stabilities of the products those patents claim"; and (3) that Pacira's new argument "is contrary to Pacira's summary judgment arguments in which it compared specifications." ECF No. 269 at 39–40.

This motion is denied. Comparison evidence between the 45L and 200L EXPAREL® products, and the patents tied to those products, is relevant to whether '495 patent and the '572 or '838 patents are related. Thus, introduction of the comparison evidence is not a waste of time or confusing. To the extent that Pacira is concerned that this could open the door to RDF's "field of technology" arguments, any potential risk is minimized as this will be a bench trial. Accordingly, Pacira's MIL No. 5 is denied without prejudice.

6. *Motion to exclude evidence and argument as to use of any patent in manufacturing EXPAREL® entitled RDF to royalties (MIL No. 6) is granted.*

Pacira moves to exclude testimony that RDF is entitled to royalties on any revenue generated by Pacira from sales of any product that uses any patent in manufacturing EXPAREL® products. *See* ECF No. 248 at 54–62. Citing Rule 37, Pacira argues that this new theory of entitlement to royalties based on "use" of any product should be excluded because it was not discussed during discovery, but rather was disclosed after the close of discovery. *Id.* at 56–57. Discovery was reopened to permit RDF to answer an additional interrogatory regarding RDF's "use of Proprietary Property" theory, to which RDF responded by providing communications addressing Pacira use of only "unpatented" "Propriety Property." *Id.* (citing RDF's Answer to Third Set of Interrogs., ECF No. 248-20, at 4; 3–7. Pacira argues that after this court issued the summary judgment order, RDF pivoted again, asserting another new theory regarding the "use" of its patents, namely whether Pacira:

> (1) uses and practices the '495 Patent and/or '336 Patent in connection with the formulation or production of 200L EXPAREL; (2) uses and practices any other unexpired Pacira patent(s) in connection with the formulation or production of 200L EXPAREL; (3) generates revenues from its use of the '495 Patent and/or '336 Patent in connection with the production of 200L EXPAREL; and (4) generates revenues from its use of any other unexpired Pacira patent(s) in connection with the production of 200L EXPAREL.

*Id.* at 57 (citing ECF No. 169 at 11–12). Pacira contends this new theory that was disclosed long after discovery closed, and two months after the court's summary judgment order, should be excluded as impermissible "trial-by-ambush.". *Id.* at 58–60.

RDF responds that this motion should be denied because it does not intend to introduce evidence related to § 1.1 of the 2004 Amendment unless the court "revisits its interlocutory order or Pacira raises such issues." ECF No. 269 at 45. While this seemingly moots the motion, RDF did not cite any points and authorities in opposition to this motion. Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion

1  shall constitute a consent to the granting of the motion." Therefore Pacria's MIL No. 6 is

2  granted.

3        7.  *Motion to exclude evidence and argument related to Clayton Entities and*

4            *RDF's charitable contributions (MIL No. 7) is denied.*

5        Pacira argues that evidence and argument at trial concerning RDF's charitable

6  contributions, and evidence related to the Clayton Foundation and its related organizations

7  ("the Clayton Entities") is irrelevant. ECF No. 248 at 62–67. Pacira contends that to-date, RDF

8  blocked discovery regarding the Clayton Entities, having yet to produce any discovery about

9  them. *Id.* at 62–63.

10       RDF responds that the motion is overbroad and unnecessary. ECF No. 269 at 47. It

11 further argues that it produced "substantial" discovery regarding RDF's "charitable,

12 humanitarian, and societal contributions and its relationship to an interactions with relevant

13 affiliates, including the Clayton entities—in fact, several hours of deposition testimony were

14 devoted to these topics." *Id.* at 47. RDF further argues that some of the evidence Pacira seeks to

15 exclude by way of this MIL is relevant to the equitable issues that Pacira has indicated it will

16 raise at trial, thus Pacira's argument that introduction of this evidence is unfair or prejudicial are

17 unpersuasive, especially given this will be a bench trial. *Id.*  RDF asserts that their company's

18 charitable mission and humanitarian purpose is admissible for background purposes, and

19 further has been made relevant by Pacira's equitable claims and defenses. *Id.* at 48.

20       Beyond providing background information, it is unclear why information about RDF and

21 any related affiliates would be relevant to the questions before the court. But, at this juncture, I

22 am not persuaded that the information should be excluded altogether, especially considering the

23 equitable and public policy arguments being advanced by Pacira. Accordingly, MIL No. 7 is

24 denied without prejudice.

25

26

12

8.   *Motion to exclude evidence and any argument regarding RDF's third-party licensing agreements (MIL No. 8) is granted.*

RDF stipulates this motion, so MIL No. 8 is granted. Included in RDF's non-opposition is a request that the Court also exclude questioning, evidence, or argument by or from Pacira about third-party agreements. ECF No. 269 at 51. RDF's request is denied without prejudice as moot. If Pacira opens the door by attempting to introduce evidence regarding this subject matter, it would moot their own motion in limine. Accordingly, RDF's cross-motion is denied without prejudice.

9.   *Motion to exclude evidence and argument regarding the eVenus case (MIL No. 9) is denied.*

Pacira moves to exclude the introduction of any evidence or argument regarding the *Pacira Pharms., Inc. v. eVenus Pharms. Labs., Inc.* case as irrelevant. *See* ECF No. 248 at 70–77. Specifically, Pacira argues that the claims in the *eVenus* case were all patent-related (infringement, invalidity, and unenforceability), and that the court did not consider the Agreements at issue in this case, nor did the parties ask the *eVenus* court to make any findings of fact or conclusions of law based on the Agreements. *Id.* at 72–73. Thus, Pacira contends that the *eVenus* invalidity finding "has no tendency to make it more or less likely that Pacira's New Patents relate to the Assigned Proprietary Property" and the "finding has no conceivable relation to Pacira's defenses to enforcement of the Agreements based on unconscionability or public policy." *Id.* at 73. Last, Pacira contends that introduction of any evidence or argument about the *eVenus* case should be excluded under Federal Rules of Evidence 402 and 403. *Id.*

RDF opposes the motion. ECF No. 269 at 51–55. RDF contends that data from the *eVenus* trial is highly relevant to Pacira's presentation of the evidence in this case "which relied on different 45L EXPAREL batch data to assert a difference between the '838 Patent and the New Patents." *Id.* at 54. RDF further responds that it has no intention of addressing inequitable conduct at trial, but because some of the underlying evidence for the erucic acid stability data is

1 relevant and constitutes some of the data relied upon by two of its experts, it should not be

2 excluded. *Id.* at 54–55.

3       I agree that the issues before the *eVenus* court are distinct from the issues before this

4 court. But because both the '495 and '838 patents were addressed as part of the *eVenus* case, I am

5 not convinced that outright exclusion of evidence from that case is warranted. To the extent

6 that evidence from the *eVenus* case can be made relevant and properly introduced during the trial,

7 the court will admit and consider it accordingly. Moreover, some of the testimony or evidence

8 from the *eVenus* case may be fodder for cross-examination, rehabilitation, or for some other

9 unknown purpose. As a result, I deny MIL No. 9 without prejudice.

10 **III.**   **Conclusion**

11       It is therefore ordered that RDF's motions in limine 1–7 **[ECF No. 227] are DENIED.**

12       It is further ordered that Pacira's motions in limine **[ECF No. 248] are GRANTED IN**

13 **PART and DENIED IN PART.** The individual motions are resolved as follows:

14          Motion in Limine No. 1 is granted in part, as set forth in this order.

15          Motion in Limine No. 2 is granted in part, as set forth in this order.

16          Motion in Limine No. 3 is denied without prejudice.

17          Motion in Limine No. 4 is denied without prejudice.

18          Motion in Limine No. 5 is denied without prejudice.

19          Motion in Limine No. 6 is granted.

20          Motion in Limine No. 7 is denied without prejudice.

21          Motion in Limine No. 8 is granted.

22          Motion in Limine No. 9 is denied without prejudice.

23       Dated: September 13, 2024

24

25                   Cristina D. Silva
                  United States District Judge

26