UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-DJA |
| Plaintiff | **Order Granting in Part Motions to Seal and Denying as Moot Remaining Motions to Seal** |
| v. | |
| Research Development Foundation, | [ECF Nos. 196, 229, 233, 237, 249, 258, 270, 279, 286, 295] |
| Defendant | |

Plaintiff Pacira Pharmaceuticals, Inc. and defendant Research Development Foundation ("RDF") have filed numerous separate motions to seal in connection with their motion to compel and reopen discovery, motions in limine, and *Daubert* motions, along with the corresponding oppositions and replies. The parties do not oppose each other's sealing requests and have also filed joint submissions to seal certain documents. Because the parties have consented to unsealing and have filed publicly available narrowly redacted versions, their motions to seal are granted in part.

I.  **Legal standard**

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The public interest in full disclosure of documents is grounded upon "ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). The Ninth Circuit has made clear that the sealing of entire documents is improper when confidential information can be redacted to leave meaningful information available to the public. *Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g., Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 513 (1984) (sealing orders should be "limited to information that [is]

actually sensitive"). Thus, only the portions of a filing that contain specific reference to confidential documents or information, and exhibits that contain such confidential information, may be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). Trade secrets and proprietary confidential business information are routinely considered "compelling reasons" to seal. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant").

Records attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that 'specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### A. Pacira's motion to seal its oppositions to RDF's motion to compel and motion to continue the trial setting (ECF No. 196).

Pacira seeks to seal portions of its opposition to RDF's motion to compel and reopen discovery and its opposition to RDF's motion to continue the trial setting and related exhibits A-5 (ECF No. 193-6), A-10 (ECF No. 193-11), A-12 (ECF No. 193-13), A-15 (ECF No. 193-16), A-22 (ECF No. 193-23), A-23 (ECF No. 193-24), and A-28 (ECF No. 193-27) to its response to the motion to compel; and exhibits A-3 (ECF No. 195-4), A-6 (ECF No. 195-7), A-11 (ECF No. 195-12), and A-12 (ECF No. 195-13) to its response to the motion to continue trial. ECF No. 196 at 2–4. Specifically, Pacira asserts that the exhibits contain a new drug application, information

related to stability testing of its EXPAREL® product, stability data for several EXPAREL® lots, and confidential royalties information. *Id.* Pacira seeks to seal other exhibits because RDF designated them confidential. *Id.* In its response, RDF consents to unsealing exhibits A-22 and A-23 of Pacira's opposition to the motion to compel and exhibits A-6 and A-11 of Pacira's opposition to its motion to continue. ECF No. 205 at 2. It takes no position on the remaining materials in Pacira's request to seal. *Id.*

I find that Pacira has established good cause for keeping some of the confidential and sensitive portions of its oppositions and exhibits under seal because they contain royalty amounts, trade secrets, or technical information which warrants keeping them sealed. *Elec. Arts,* 298 Fed. App'x at 569 (finding that royalty rates plainly fall within the definition of trade secrets). Pacira has filed redacted versions of each opposition and its exhibits that leave meaningful information available to the public. ECF No. 192; ECF No. 194. However, because RDF consents to the unsealing of exhibits, Pacira must file a corrected image of its opposition and exhibits to the motion to compel (ECF No. 192) which includes references to exhibits A-22 and A-23 attaching the exhibits thereto. Similarly, because RDF consents to the unsealing of exhibits, Pacira must file a corrected image of its opposition and exhibits to the motion to continue the trial setting (ECF No. 194) which includes references to exhibits A-6 and A-11, attaching the exhibits thereto.

**B. The parties' joint submission regarding motions in limine and *Daubert* motions (ECF No. 249).**

The parties jointly consent to unsealing several motions and exhibits, but request to maintain the seal on certain documents associated with their pre-trial filings. ECF No. 249. In their submission, the parties consent to the unsealing of the following:

(1) Exhibits 1 and 4 through 5 of RDF's Motion to Exclude the Opinions and Testimony of Brian P. Jenkins, CPA, CFE (ECF No. 222);
(2) RDF's Motion to Exclude Portions of the Opinions and Testimony of Mark Edwards and Exhibits 1 through 5 thereto (ECF No. 223);

    (3) RDF's Motion to Exclude Certain Opinions and Testimony of Pacira's Expert Chrisanthus Thomas, Ph.D., and Exhibits 1 and 3 through 4 thereto (ECF No. 224);

    (4) RDF's Motion to Exclude Certain Opinions and Testimony of Pacira's Expert Dr. Rodney Ho (ECF No. 225), and Exhibits 1 and 3 through 6 thereto (ECF No. 226);

    (5) Pacira's Motion to Exclude the Testimony of Dr. Ashley Stevens and Exhibits A through A-4 thereto (ECF No. 228);

    (6) Pacira's Motion to Exclude the Testimony of Dr. Bozena Michniak-Kohn Under Federal Rule of Evidence 702 and Exhibits A through A-4 thereto (ECF No. 232); and

    (7) Pacira's Omnibus Motion in Limine and Exhibits A-1 through A-10, and A-12 through A-29 thereto (ECF No. 236)[.]

ECF No. 249 at 2.

    In this same filing, Pacira moves to maintain the seal on several documents, namely Exhibit A-11 to Pacira's omnibus motion in limine (ECF No. 236-16), which comprises excerpts of RDF's second supplemental and amended objections and answers to Pacira's first set of interrogatories (Nos. 1–12). ECF No. 249 at 3. Pacira argues that sealing portions of this document is warranted to protect Pacira's highly confidential and commercially sensitive technical information related to manufacturing processes for its EXPAREL® product from public disclosure. *Id.*

    Pacira also requests that portions of exhibits 2 and 3 (ECF No. 222-3; ECF No. 222-4) to RDF's motion to exclude the opinions and testimony of Brian P. Jenkins, CPA, CFE, as well as corresponding portions of the motion, remain sealed. ECF No. 249 at 3. Pacira argues that each of these documents discuss commercially sensitive, non-public royalties that it has paid to RDF from 2001 through 2020. *Id.* RDF joins Pacira's request to maintain the seal on Exhibit 3 (ECF No. 222-4) because it contains sensitive and non-public banking information. *Id.* at 4.

    Pacira seeks to seal portions of exhibit 2 (ECF No. 224-2) to RDF's motion to exclude certain opinions and testimony of Pacira's expert Chrisanthus Thomas, Ph.D. because Dr. Thomas's opinions discuss highly confidential and commercially sensitive technical information related to Pacira's manufacturing processes for its EXPAREL® product. *Id.* at 3.

4

Pacira further requests that portions of exhibit 2 (ECF No. 226-2) to RDF's motion to exclude certain opinions and testimony of Pacira's expert Dr. Rodney Ho remain under seal because Dr. Ho's report discusses highly confidential and commercially sensitive technical information related to Pacira's manufacturing processes for its EXPAREL® product. *Id.* at 3–4.

Here, the parties are generally seeking to seal portions of expert reports, testimony, and other exhibits that contain, reference, or discuss non-public business information. Having reviewed the aforementioned filings, and considered the basis for sealing, I find that the parties have presented good cause to justify sealing portions of the motions and exhibits. Specifically, because they contain confidential, non-public business information, including Pacira's manufacturing processes, key product specifications, stability data, and financial information, sealing these materials is appropriate. The court is satisfied Pacira has submitted sufficient factual support that it would be placed at a competitive disadvantage if this information was publicly released. "Documents containing commercially sensitive information have been held sealable in this Circuit." *Orthopaedic Hosp. v. Encore Med., L.P.*, 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021). The versions of these motions and exhibits filed publicly (ECF No. 248-16; ECF No. 250-2; ECF No. 252-2; ECF No. 253-2; ECF No. 253-3) are appropriately redacted; thus the unredacted versions may remain under seal. This joint submission moots Pacira's separately filed motions to seal at ECF No. 229; ECF No. 233; and ECF No. 237.

### C. The parties' joint submission regarding the oppositions to the motions in limine and *Daubert* motions (ECF No. 271).

The parties jointly consent to unsealing some of their oppositions and accompanying exhibits, but again request to maintain the seal on certain documents. ECF No. 271. In this submission, the parties consent to the unsealing of the following:

> (1) Exhibits A-1 through A-7 to Pacira's Opposition to Defendant's Motion to Exclude the Opinions and Testimony of Brian P. Jenkins, CPA, CFE (ECF No. 261);

    (2) Exhibits A through A-1 and A-4 through A-5 to Pacira's Opposition to Defendant's Motion to Exclude Certain Opinions and Testimony of Pacira's Expert Dr. Rodney Ho (ECF No. 262);

    (3) Exhibits A and A-3 through A-4 to Pacira's Opposition to Defendant's Motion to Exclude Certain Opinions and Testimony of Pacira's Expert Chrisanthus Thomas, Ph.D. and Exhibits (ECF No. 263);

    (4) Exhibits A, A-2, A-4 through A-7, and A-9 through A-11 to Pacira's Omnibus Opposition to Defendant's Motions *in Limine* (ECF No. 265);

    (5) Exhibit 2 of RDF's Opposition to Plaintiff's Motion to Exclude the Testimony of Dr. Ashley Stevens (ECF No. 266, 268); and

    (6) RDF's Opposition to Plaintiff's Motions *in Limine* and Exhibits 2, 4–8, 10–15, 17, 20–21, 24, and 26–27 (ECF Nos. 267, 269).

ECF No. 271 at 2.

    Although it is a joint submission, RDF takes no position on the information Pacira seeks to seal. *Id.* at 4. In this request, Pacira seeks to seal portions of its opposition to RDF's motion to exclude the opinions and testimony of Brian P. Jenkins (ECF No. 261), and portions of its omnibus opposition to RDF's motions in limine and exhibits A-3 and A-8 (ECF No. 265, ECF No. 265-4; ECF No. 265-8). *Id.* at 3. Pacira argues that they discuss commercially sensitive, non-public royalties paid to RDF from 2001 through 2020. *Id.* The parties jointly seek to seal exhibit A-1 (ECF No. 265-2) because it contains the transcript of the August 12, 2024, motion hearing. *Id.* at 4–5.

    Pacira also requests to seal portions of exhibits A-3 and A-6 of its opposition to RDF's motion to exclude certain opinions and testimony of Dr. Rodney Ho (ECF No. 262-4; ECF No. 262-7). *Id.* at 3. Here, Pacira contends that exhibits A-3 and A-6 comprise Dr. Ho's reports discussing highly confidential and commercially sensitive technical information related to Pacira's manufacturing processes for its EXPAREL® product. *Id.* The parties jointly request to seal portions of Pacira's opposition and exhibit A-2 (ECF No. 262, ECF No. 262-3) because they cite and discuss portions of the August 12, 2024, hearing. *Id.* at 4–5.

    Pacira next moves to seal portions of its opposition to RDF's motion to exclude certain opinions and testimony of Dr. Chrisanthus Thomas, along with exhibit A-1 (ECF No. 263; ECF No. 263-2). *Id.* Pacira asserts that exhibit A-1 discusses highly confidential and commercially

sensitive technical information related to Pacira's manufacturing processes for its EXPAREL® product. *Id.* The parties jointly request to seal portions of Pacira's opposition and exhibit A-2 (ECF No. 263; ECF No. 263-3) because they cite and discuss the August 12, 2024, motion hearing. *Id.* at 4–5.

Lastly, Pacira seeks to seal portions of exhibit 3 and exhibit 19 to RDF's opposition to plaintiff's motions in limine (ECF No. 267-3; ECF No. 267-19). *Id.* at 3–4. Pacira contends that exhibit 3 comprises excerpts of the deposition testimony discussing the confidential financial contributions of Pacira's investors, and that exhibit 19 contains a confidential stock purchase agreement. *Id.*

The parties jointly seek to seal portions of the opposition and exhibits (ECF No. 262-3, ECF No. 263-3, ECF No. 265-1) containing references to and transcripts of the hearing conducted by the undersigned on August 12, 2024, because the transcripts will not be released to the public until November 11, 2024. *Id.* at 4–5. They offer no particularized showing whether and why good cause exists to keep the references or the exhibits attaching that transcript to the briefing under seal. As such, the parties' request is denied without prejudice so that, should they choose to refile this motion, they can make a more specific showing as to what good cause exists—if any—to support the sealing of the relevant documents and the requests for redactions. Moreover, the parties must explain why redaction alone would not be sufficient.

Except as outlined above, the parties' joint motion to seal portions of their oppositions to the motions in limine and *Daubert* motions is granted. I find that the briefs and exhibits contain proprietary and technical manufacturing processes, and confidential financial information, which warrants keeping them sealed. Thus, I find that good cause exists to seal this information that overcomes the presumption of public access to that information. Further, the exhibits can be easily redacted while leaving meaningful information available to the public.

The parties submit that they consent to the unsealing of "Exhibit 2 of RDF's opposition to plaintiff's motion to exclude the testimony of Dr. Ashley Stevens (ECF No. 266, 268)." *Id.* at

2. Because the parties agree, RDF must file a corrected image of its opposition to include an unredacted version of exhibit 2 (ECF Nos. 266, 268), and a corrected image of its opposition to include exhibits 2, 4–8, 10–15, 17, 20–21, 24, and 26–27 (ECF Nos 267, 269). The joint submission moots the parties' separately filed motions to seal at ECF No. 258 and ECF No. 270.

### D. The parties' joint submission regarding replies to the motions in limine and *Daubert* motions (ECF No. 295)

The parties jointly consent to unsealing some of their replies and accompanying exhibits, but again request to maintain the seal on certain documents. ECF No. 295. In this submission, the parties consent to the unsealing of the following:

(1) RDF's Reply in Support of Its Motion to Exclude Portions of the Opinions and Testimony of Mark Edwards, along with Exhibit 2 thereto (ECF Nos. 280–81);

(2) RDF's Reply in Support of Motion to Exclude Certain Opinions and Testimony of Dr. Rodney Ho (ECF Nos. 282–83);

(3) Pacira's Reply in Support of Its Motion to Exclude The Opinions and Testimony of Ashley Stevens, along with Exhibits A and A-5 thereto (ECF No. 288);

(4) Pacira's Reply in Support of Its Motion to Exclude The Testimony of Bozena Michniak-Kohn Under Federal Rule of Evidence 702, along with Eexhibits A and A-5 thereto (ECF No. 289); and

(5) Exhibits B through B-6 of Pacira's Reply in Support of Its Omnibus Motion *in Limine* (ECF No. 291).

ECF No. 295 at 2.

Here, Pacira requests portions of exhibits B-7 (ECF No. 291-8) and B-8 (ECF No. 291-9) to its reply in support of its omnibus motion in limine remain under seal because the documents discuss the royalties and milestone payments that Pacira has paid to RDF. ECF No. 295 at 3. RDF joins Pacira's request to seal portions of exhibit B-8 because it discusses sensitive, non-public business and financial information about RDF's operations and finances.

The parties jointly seek to seal portions of Pacira's reply that contain references to and transcripts of the hearing conducted by the undersigned on August 12, 2024, because the

1 transcripts will not be released to the public until November 11, 2024. *Id.* at 3. They offer no particularized showing whether and why good cause exists to keep the references or the exhibits attaching that transcript to the briefing under seal. As such, the parties' request is denied without prejudice so that, should they choose to refile this motion, they can make a more specific showing as to what good cause exists—if any—to support the sealing of the relevant documents and the requests for redactions. The joint submission moots the parties' respectively filed motions to seal at ECF No. 279 and ECF No. 286.

## II.   Conclusion

It is ordered that Pacira's motion to seal **[ECF No. 196] is granted**. The Clerk of Court is directed to maintain the seal on ECF No. 193 and ECF No. 195. Because RDF has consented to unsealing, Pacira must file corrected images in accordance with this order.

It is further ordered that the supplement to the parties' motions to seal **[ECF No. 249] is granted**. Because the parties have filed publicly available narrowly redacted versions, the Clerk of Court is instructed to maintain seal on ECF No. 222, ECF No. 224, ECF No. 226, and ECF No. 236. Because the parties consented, the seal on ECF No. 223, ECF No. 228, ECF No. 232 is lifted.

It is further ordered that the supplement to the parties' motions to seal **[ECF No. 271] is granted in part and denied in part**. Because the parties consented, the seal on ECF No. 261 is lifted. The Clerk of Court is directed to maintain the seal on ECF No. 262, ECF No. 263, ECF No. 265, ECF No. 266, and ECF No. 267. Pacira is instructed to file publicly available narrowly redacted versions (ECF No. 262, ECF No. 263, ECF No. 265). RDF must file a corrected image of ECF No. 269. However, within 14 days the parties must make a more specific showing as to what good cause exists—if any—to support the sealing of the references to and transcript of the August 12, 2024, motion hearing.

It is further ordered that the supplement to the parties' motions to seal **[ECF No. 295] is granted in part and denied in part**. Because the parties consented, the seal on ECF No. 281, ECF No. 283, ECF No. 288, and ECF No. 289 is lifted. The Clerk of Court is instructed to maintain the seal on ECF No. 291. However, within 14 days the parties must make a more specific showing as to what good cause exists—if any—to support the sealing of the references to and transcript of the August 12, 2024, motion hearing.

It is further ordered that:

Pacira's motion to file under seal its motion to exclude the testimony of Dr. Ashley Stevens [ECF No. 229], Pacira's motion to file under seal its motion to exclude the testimony of Dr. Bozena Michniak-Kohn [ECF No. 233], and Pacira's motion for file under seal its omnibus motion in limine [ECF No. 237] **are denied as moot**.

Pacira's motion for leave to file under seal its oppositions to defendant's motions in limine and *Daubert* motions **[ECF No. 258] is denied as moot**.

RDF's motion for leave to partially file under seal its oppositions **[ECF No. 270] is denied as moot**.

Dated: September 17, 2024

_____
Cristina D. Silva
United States District Judge