UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-NJK |
| Plaintiff | **Order Resolving RDF's Motion in Limine to Exclude Opinions and Testimony of Brian P. Jenkins** |
| v. | |
| Research Development Foundation, | [ECF No. 222, 253] |
| Defendant | |

Plaintiff Pacira Pharmaceuticals, Inc. sues defendant Research Development Foundation ("RDF") in this declaratory-judgment action arising out of a long-standing assignment agreements between the parties. RDF filed a motion in limine seeking to exclude parts of the expert testimony of Pacira's expert witness Brian P. Jenkins. RDF motion, ECF No. 222 (sealed); ECF No. 253 (unsealed). Pacira opposes the motion. Opp'n, ECF No. 261. RDF filed a reply to Pacira's opposition. RDF Reply, ECF No. 284. For the reasons described herein, I grant in part and deny in part RDF's motion in limine to exclude the testimony of Dr. Jenkins.

**I.  Legal standard**

The court incorporates the motion in limine standard set forth in the order resolving Pacira's motions in limine to exclude, ECF No. 307.

**II.  Discussion**

As background, the issues that remain outstanding for trial are: (1) "whether Pacira's New Patents 'relate to the Assigned Proprietary Property' under Section 3.8 of the 1994 Agreement[,]" ECF No. 232 (citing ECF No. 178 at 6); ECF No. 264 at 4 (citing Summ. J. Order, ECF No. 152 at 17–18), and (2) unenforceability of the assignment agreements on the grounds of unconscionability and public policy, ECF No. 232 at 6.

In his expert report, Jenkins discusses RDF's royalty revenues related to Pacira as a percentage of RDF's total royalty revenues; compensation paid to RDF representatives Thomas J. Brorby, Dudley R. Dobie, and Brian W. Crozier by RDF and related organizations; and fees incurred by the law firm of Brorby, Crozier & Dobie, P.C. for legal services provided to RDF and related organizations. *See* Jenkins rep., ECF No. 253-2. RDF seeks exclusion of Jenkins's report and testimony arguing that his report does not assist the trier of fact and is irrelevant to the remaining issues set for trial. ECF No. 253 at 7–19.

### A.  Whether Jenkins's report assists the trier of fact[1]

RDF argues first that Jenkins's report essentially boils down to three tables which summarize information available to the factfinder and for which he conducts only basic addition and division. *Id.* at 7. It contends that the conclusions he offers could be drawn by a layperson and require no specialized skills. *Id.* at 13 (citing *Ga. Operators Self-Insurers Fund v. PMA Mgmt. Corp.*, 143 F. Supp. 3d 1317, 1338 (N.D. Ga. 2015) and *Isr. Travel Advisory Serv. v. Isr. Identity Tours*, 1993 U.S. Dist. LEXIS 13749, at *4–6 (N.D. Ill. Sep. 15, 1993)). In its response, Pacira argues that Jenkins's opinions are helpful because, even if the outputs require only simple addition and division, Jenkins's inputs were complicated and required significant experience and expertise. ECF No. 261 at 15–20. Pacira contends that, (1) for his royalty reports, Jenkins reviewed thousands of pages of forms to put together a picture of RDF's royalty revenue; (2) for his table analyzing RDF payments to Brorby, Crozier, and Dobie, he was required to derive annual compensation paid to each RDF Trustee for the period from 2001 through 2020; and (3) for his legal fees table, he compiled and analyzed tax returns from five entities across nineteen years. *Id.* at 16–18.

"Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier" and "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained

---

[1] As the parties are aware, because this is a bench trial, I will be serving as the trier of fact.

layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702 advisory committee's note (citations omitted). However, an expert report that relies on relatively simple calculations may nonetheless assist the trier of fact where the basis for these calculations is "more involved[.]" *Relevant Grp., LLC v. Nourmand*, 2022 WL 18356631, at *4 (C.D. Cal. Dec. 9, 2022); *cf. SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 331 (D. Ariz. 2022) (finding that even though an expert was only making a "simple math calculation[,]" it could still be useful to the trier of fact).

      I find that, even though Jenkins only conducts addition and division in his calculations, his expertise as an accountant is essential in both reaching and evaluating those calculations; especially calculations that involve calculations that span over the course of nineteen years. Although a layperson could find an average, a layperson would not have been able to evaluate the thousands of documents upon which Jenkins relied to synthesize the numbers he calculated. Accounting experts, especially, are often asked to synthesize heavy evidentiary records and excluding their reports and testimony as unhelpful because their ultimate calculations are "simple" misunderstands the value of their expertise. Therefore, RDF's motion to exclude Jenkins's testimony because it is unhelpful to the trier of fact is denied without prejudice.

      **B.  Relevance of Jenkins's report**

      RDF argues that all parts of Jenkins's report are irrelevant.

            *1.  Pacira royalty revenue opinions*

      RDF first argues that Jenkins's Pacira royalty revenues opinions are irrelevant because they do not serve to address the question of whether the '495 patent and the '572 or '838 patents are related, and are frivolous to any bias question because, although a fact witness could testify that RDF receives royalties from Pacira, the amount in royalties is irrelevant. ECF No. 253 at 14–15. It expresses concern that this bias testimony will lead to a "mini-trial on, or an attempt to quantify, a party's or its representative-witnesses' inherent partiality." *Id.* at 15 (citing *Dent v. U.S.*

*Tennis Ass'n*, 2010 U.S. Dist. LEXIS 31052, at *2–3 (E.D.N.Y. Mar. 30, 2010)). In response to this contention, Pacira argues that Jenkins's testimony is relevant because it demonstrates RDF's "significant financial stake in the outcome of this litigation[,]" which would not come to light otherwise. ECF No. 261 at 21. Additionally, it argues that the royalty revenue opinions are relevant to the substantive unconscionability question, "as it speaks to the 'one sidedness' of the contract under RDF's 'harsh' and 'unreasonable' interpretation." *Id.* at 22. (citing *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1163–64 (2004) ("substantive unconscionability focuses on the one-sidedness of the contract terms.") (quoting *Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir.), *cert. denied*, 540 U.S. 811 (2003))).

        I agree that Jenkins's opinions about the Pacira royalty revenue are relevant. Evidence of potential bias, as well as the extent of that bias, may be relevant. *See, e.g.*, *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987) (finding that factfinder was "entitled to hear the evidence and decide the extent of that bias"); *see also United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."). I see no reason to exclude this evidence just because Jenkins not only opines about potential bias, but also supports his conclusions with data. As to the issue of unenforceability based on unconscionability, I likewise find that Jenkins's opinions about the percentage of RDF's royalty revenue derived from Pacira are relevant. His testimony does not invite a "mini-trial" on the level of bias as RDF contends because RDF does not dispute Jenkins's methodology or his accuracy. Therefore, RDF's motion to exclude Jenkins's testimony about the royalty revenues as irrelevant is denied without prejudice.

        However, Pacira is reminded that this trial is about the triable issues—the "related to" and unenforceability questions—and, as rulings on motions in limine are only preliminary, should testimony about or issues of bias become all-encompassing, I will not hesitate to impose limitations during trial.

### 2. *Compensation paid to Thomas J. Brorby, Dudley R. Dobie, Brian W. Crozier by RDF and related organizations*

RDF next argues that Jenkins's testimony as to compensation of Brorby, Dobie, and Crozier is irrelevant for demonstrating witness bias because, though the *fact* of compensation is relevant, the *amount* of compensation is not. ECF No. 253 at 16. In response, Pacira argues that amount of compensation is relevant to establish bias. ECF No. 261 at 22–23. It also argues that "[s]imply knowing that Mr. Brorby and Mr. Crozier are trustees of RDF that receive compensation is insufficient to establish the extent of their bias and credibility" because it fails to capture the extent of their monetary relationship with RDF and their corresponding stake in the case. *Id.* at 23–24. Pacira does not argue that Jenkins's findings regarding Dobie should not be excluded. *See* ECF No. 261 at 22–24.

The parties each point to case law addressing similar situations that supports their respective arguments. *Compare, e.g., Johnson v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 122161, at *6 (N.D. Cal. Nov. 1, 2010) (holding that discovery regarding amount of compensation was irrelevant because "Slaby's employment with HP already implies bias, and thus, exact information as to amounts of compensation is unnecessary for such a purpose"), *with Oracle USA, Inc. v. Rimini St., Inc.*, 2015 WL 5089779, at *3 (D. Nev. Aug. 27, 2015) (denying motion to exclude CEO's "net worth in [defendant] stock" because it was "relevant to establish his bias. [Defendant] has publicly stated that the outcome of this case may have a material impact on its value. As such, defendant [CEO] has a direct financial stake in the outcome of this case and [plaintiff] is entitled to examine any testimonial bias during trial.").

I find the *Oracle* court's reasoning more persuasive; amount of bias can be a relevant inquiry. *See Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 11505684, at *23–24 (C.D. Cal. Jan. 25, 2010) (refusing to exclude salaries and dividends paid to witnesses because "income flowing directly from [plaintiff] as a company" to the company executive witnesses "is relevant to their possible bias as witnesses in this case[.]"). Although the fact of compensation serves as

the primary relevant fact to demonstrate a witness's bias, how much the witness is being paid or has been paid by a party can further fill in the picture of how much the witness stands to gain should their side prevail at trial. Here, the amount of compensation Brorby and Crozier have received from RDF and related organizations is relevant to the question of how significant their stake in the outcome of this trial will be. Therefore, RDF's motion to exclude Jenkins's testimony about the amount paid to Brorby and Crozier because it is irrelevant is denied without prejudice.

Because Pacira's response does not object to—or even mention—Jenkins's findings as to Dobie, I find that Pacira has waived the argument that Jenkins's testimony regarding Dobie is relevant. *Stiffarm v. City of Pullman*, 2007 WL 9717343, at *1 (E.D. Wash. Mar. 6, 2007) (finding that a failure to address parts of a motion in limine amount to a concession). Accordingly, RDF's motion to exclude Jenkins's testimony about the amount paid to Dobie because it is irrelevant is granted.

### 3. *Fees incurred by the law firm of Brorby, Crozier & Dobie, P.C. for legal services provided to RDF and related organizations*

RDF states that Jenkins's opinions about the payment the law firm Brorby, Crozier & Dobie, P.C. (at which Brorby, Crozier, an Dobie are all partners) received will be presumably used to demonstrate that Brorby, Dobie, and Crozier were further compensated by RDF in this litigation. ECF No. 253 at 17. It argues that the implication that the three were inappropriately compensated is false and the only way to defend against this accusation will be for RDF to put on a large collection of evidence to show that the partners appropriately billed for their time and could separately encroach on attorney-client privilege. *Id.* It also suggests that this evidence showing witness bias is cumulative. *Id.* at n.2. Pacira argues in response that evidence of the longstanding relationship between Brorby, Crozier & Dobie, P.C. and RDF, and the millions of dollars that have been paid to the firm in that time, is relevant in this case where at least Brorby and Crozier are billing for their time as fact witnesses. ECF No. 261 at 24–25. Pacira asserts that

it "is not suggesting that RDF is paying Brorby Crozier & Dobie P.C for work that it has not done" and therefore there is no need for a "sideshow" that would require RDF to put on proof of what its fact witnesses were billing for. *Id.* at 25 n.13.

For the same reasons I found that the evidence of RDF's direct compensation to the witnesses was relevant, I find that evidence of payment to the witnesses' law firm is, too. Seeing as the parties do not dispute that the payments were made for credible work, and this evidence serves only to further demonstrate the witnesses' stake in the ultimate outcome of the litigation, there should be no need for RDF to produce evidence to defend its reputation and the reputation of its witnesses. I also do not find that this evidence is cumulative, though the plaintiffs are cautioned that, should this evidence of bias become a significant sideshow at trial, I will not hesitate to place limitations on Jenkins's testimony. Therefore, RDF's motion to exclude Jenkins's testimony about the amount paid to Brorby, Crozier & Dobie, P.C. for legal services provided to RDF and related organizations because it is irrelevant is denied without prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED that RDF's motion in limine **[ECF No. 222 (sealed); ECF No. 253 (unsealed)] is GRANTED in part and DENIED in part** as set forth in this order.

Dated: September 19, 2024

_____
Cristina D. Silva
United States District Judge