UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Pacira Pharmaceuticals, Inc.,

    Plaintiff

v.

Research Development Foundation,

    Defendant

Case No. 2:21-cv-02241-CDS-NJK

**Order Regarding the Parties' Notice of Trial Exchange Procedures**

[ECF No. 313]

    This case is scheduled for bench trial before the Honorable Cristina D. Silva, United States District Judge, at Las Vegas, Nevada, commencing on September 23, 2024, at 9:30 a.m. in LV Courtroom 6B. Counsel appeared in Courtroom 6B on September 11, 2024, at 9:30 a.m. for calendar call. ECF No. 305. During the calendar call, the court resolved pending questions regarding how trial will operate, disclosure of the anticipated witnesses, and the order in which witnesses will be called. However, at that time, no order regarding trial had been docketed.

    On September 19, 2024, the parties filed a notice of proposed trial exchanges. Notice, ECF No. 313. The court accepts the agreements set forth within the notice. To the degree any directive in the court's order regarding trial[1] conflicts with the parties' agreements, the parties' agreements control unless otherwise noted by the court. Further, the court order given during the calendar call, to include requiring the parties to exchange their anticipated witness list and witness order be exchanged no later than today, stands. ECF No. 305 at 7. Also, a copy of each party's exhibit list must be filed on CM ECF no later than Saturday, September 21, 2024, at 5:00 p.m. Pacific Time. A copy of the exhibit list should also be emailed to Courtroom Deputy Denise Saavedra by the same deadline.

---

[1] The court recognizes its order regarding trial (ECF No. 311) was inadvertently not docketed until yesterday and appreciates the clear meet and confer between the parties to file the notice regarding trial procedures.

In response to the parties' discussion of video depositions (*see* Notice at 6), I order the following: video depositions can be played during the course of the trial so long as the segments are ten minutes or less per witness (whether on direct or cross-examination). However, if the parties anticipate playing multiple segments that together would exceed ten minutes, the court will review the depositions while rendering its decision. Accordingly, those deposition designations should be marked and entered into evidence for the court's consideration. Further, to the degree either party can avoid playing (or requiring the review of video depositions), the parties should be prepared to provide the court a copy of deposition transcripts for consideration. The court recognizes the parties may select a video deposition over a transcript for impeachment or other trial strategy. I merely suggest providing the court with a transcript as an alternative, when possible.

The notice also discusses the parties' differences in dispute resolution procedures. ECF No. 313 at 7–8. I find that this issue need not be resolved at this time as it is dependent on what, if any, disputes arise during the trial, and further depends on whether the parties are unable to meet and confer in resolving the issue(s), so I defer a decision on this matter until need arises.

Accordingly, the parties' notice is accepted, the court's decision regarding the presentation of video depositions is set forth herein, and the court defers resolution of the question regarding dispute resolution until the time a dispute arises.

Dated: September 20, 2024

_____
Cristina D. Silva
United States District Judge