UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., | Case No. 2:21-cv-02241-CDS-NJK |
| Plaintiff | **Order Denying Motions to Seal Post-Trial Briefs and Findings of Fact** |
| v. | |
| Research Development Foundation, | [ECF Nos. 378, 379, 380] |
| Defendant | |

Plaintiff Pacira Pharmaceuticals, Inc. and defendant Research Development Foundation ("RDF") have filed motions to seal portions of their confidential or highly confidential material. In particular, the parties request to seal their post-trial briefs and related findings of fact. ECF No. 378; ECF No 379, ECF No. 380. That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). So the parties' motions are denied without prejudice.

I.  **Legal standard**

There is a right of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, courts recognize "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). The public policies that support the right of access to dispositive materials, do not apply with equal force to non-dispositive materials. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Ninth Circuit reasoned that when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed

to the public by balancing the needs for discovery against the need for confidentiality." *Id.* Thus, a "particularized showing" under the good-cause standard of Federal Rule of Civil Procedure 26(c) will "suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Foltz*, 331 F.3d at 1135.

The Ninth Circuit previously drew a clear distinction between dispositive and non-dispositive motions in determining whether compelling reasons must be shown to seal such documents, stating: "[i]n sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). Thus, the compelling reasons standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1135–36.

Parties seeking to seal judicial records relating to materials that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming a strong presumption in favor of public access. *Kamakana*, 447 F.3d at 1178–79. The party must "articulate with compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* The court must balance the competing interests of the public and the party seeking to keep certain records secret. *Id.* at 1179.

A request to seal may be supported by compelling reasons if the documents or portions of the documents contain "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *Nixon*, 435 U.S. at 598. Compelling reasons may justify sealing court records "when such 'court files might have become a vehicle for improper purposes'" such as releasing trade secrets. *Kamakana*, 447 F.3d at 1179. For example, sealing court records may be justified if the records would divulge terms of

confidential contracts or contract negotiations, financial terms, or business models and strategies. *See FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

II. **Discussion**

The post-trial briefs and findings of fact[1] at issue in these motions are more than tangentially related to the merits of the case thus the "compelling reasons" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1101. However, the parties provide no justification for sealing beyond stating that the documents are marked as "confidential" or "highly confidential." ECF No. 378; ECF No. 379; ECF No. 380. Although confidential business information and trade secrets are routinely protected, the parties did not meet their burden to identify with particularity any confidential business information, trade secrets, or competitively damaging information.

Further, the sealing of entire documents is improper when confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g., Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984). The Supreme Court has instructed that a sealing order should be "limited to information that was actually sensitive," that is only the parts of the material necessary to protect the compelling interest. *Id.* The parties were ordered to file redacted versions of their opening and responsive post-trial briefs and findings of fact and conclusions of law by January 3, 2025. ECF No. 372. To streamline the court's review, the parties' renewed motions to seal must include proposed—narrowly tailored—redactions of the material in their post-trial briefs and findings of fact.[2]

---

[1] ECF No. 373; ECF No. 374; ECF No. 375; ECF No. 376; ECF No. 377.

[2] First, the party files its motion to seal on the public docket without the confidential documents and links its motion to seal to the underlying motion or brief. *See* LR IC 2-2(d). Second, the party files the confidential documents under seal as "sealed exhibits" and links the sealed exhibits to its motion to seal.

### III. Conclusion

For these reasons, Pacira's motions to seal **[ECF No. 378, 379]** and RDF's motion to seal **[ECF No. 380] are DENIED without prejudice**. The parties must file motions that demonstrate the existence of compelling reasons, along with the proposed redactions, by **December 20, 2024**, so that the narrowly tailored redacted versions may be filed on January 3, 2025.

Dated: December 12, 2024

_____
Cristina D. Silva
United States District Judge