UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Pacira Pharmaceuticals, Inc.,

        Plaintiff

v.

Research Development Foundation,

        Defendant

Case No. 2:21-cv-02241-CDS-NJK

**Order Granting Plaintiff's Motions to Correct or Amend Judgment**

[ECF Nos. 410, 413]

      Plaintiff Pacira Pharmaceuticals, Inc. filed a (1) motion to correct the judgment pursuant to Federal Rule of Civil Procedure (FRCP) 60(a) or, in the alternative, to amend findings pursuant to FRCP 52(b) and to amend the judgment pursuant to FRCP 59(e) with respect to the royalties paid under protest (ECF No. 410) and (2) a motion to correct or amend the judgment to address pre- and post-judgment interest pursuant to FRCP 60(a) and FRCP 59(e) (ECF No. 413). I granted the motions from the bench during a June 26, 2025 hearing, but ordered Pacira to draft an order to that effect. ECF No. 424. Upon consideration of these motions and the papers and materials submitted in support of and in opposition to these motions, it is hereby ordered that Pacira's motions are granted.

      The court therefore orders that its findings of fact and conclusions of law (ECF No. 405) are amended pursuant to Federal Rules of Civil Procedure 52(b), 59(e), and 60(a) to include the following findings:

1. Pacira paid defendant Research Development Foundation (RDF) $23,090,937.00 under protest during the pendency of this litigation as established by ECF Nos. 410 and 411.

2. As part of Pacira's prayer for relief, it requested the return of royalties paid under protest; "[t]hat the Court award Pacira any and all other relief to which Pacira may

show itself to be entitled"; and "[t]hat the Court award Pacira any other relief as the Court may deem just, equitable, and proper." ECF No. 1 at 13–14.

3. The court has found in favor of Pacira with respect to 200L EXPAREL®. Additionally, the court previously found in favor of Pacira with respect to 45L EXPAREL®. ECF No. 152 at 19; ECF No. 153.

4. Accordingly, the court orders RDF to return all royalties Pacira paid under protest on sales of EXPAREL® to Pacira.

5. Such equitable relief is within the court's power to award. Whether dubbed "restitution," "disgorgement," or "accounting," "a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, has been a mainstay of equity courts." *Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 71, 80 (2020). Pacira's requested relief is necessary to afford Pacira complete relief on its declaratory judgment claims and thus is clearly "incidental to or intertwined with" those claims. *Tull v. United States*, 481 U.S. 412, 424 (1986); *see also Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998) ("Absent a favorable ruling (i.e., equitable relief) on that issue, Plaintiffs have no claim for money damages. Consequently, their claim for monetary relief is inextricably intertwined with equitable relief."). Returning these monies to Pacira simply "restor[es] the status quo" and effects "the return of that which rightfully belongs to" Pacira. *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946).

6. The court also orders prejudgment interest on the $23,090,937.00 Pacira paid under protest.

7. The court finds that prejudgment interest shall be calculated pursuant to NRS 17.130.

8. Under § 17.130, the applicable interest rate is 10%. *See* "Legal Interest Rate," https://www.washoecourts.com/TopRequests/InterestRates.

9. Pacira submitted a sworn declaration attesting to the date and amount of each payment made under protest. ECF No. 413-16 at 1. RDF did not dispute these dates and amounts in opposition to the motion.

10. The date and amount of each payment made under protest is shown in the table below:

| Date | Amount |
|---|---|
| 2/25/2022 | $298,085 |
| 5/26/2022 | $3,224,366 |
| 8/23/2022 | $3,621,239 |
| 11/30/2022 | $3,332,637 |
| 2/28/2023 | $3,399,533 |
| 5/30/2023 | $3,333,286 |
| 8/29/2023 | $384,185 |
| 11/29/2023 | $622,417 |
| 2/28/2024 | $561,191 |
| 5/30/2024 | $671,954 |
| 8/21/2024 | $849,801 |
| 11/21/2024 | $1,341,047 |
| 2/28/2025 | $1,451,196 |

11. Applying the 10% interest rate from the date each payment under protest was made through June 30, 2025, results in prejudgment interest in the amount of $5,010,167.

12. The court orders post-judgment interest under 28 U.S.C. § 1961 on the amounts paid under protest and prejudgment interest (i.e., $28,101,104), which shall accrue from the date of judgment until the judgment is paid in full.

## Conclusion

The court also orders that the judgment (ECF No. 406) will be amended pursuant to Federal Rules of Civil Procedure 59(e) and 60(a) to include the following: RDF is ordered to return $23,090,937.00, which constitutes the amounts paid under protest, to Pacira. The court also orders prejudgment interest on that amount pursuant to NRS 17.130, which totals $5,010,167 through June 30, 2025. Finally, the court orders post-judgment interest under 28 U.S.C. § 1961 on both amounts, which will accrue from the date of judgment until the judgment is paid in full.

Dated: August 28, 2025

_____
Cristina D. Silva
United States District Judge